**Peter P. MERRILL, Plaintiff-Appellant,**

v.

**TOWN OF ADDISON,**
**Defendant-Appellee,**

**and**

**State of New York, Intervenor-Appellee.**

**No. 743, Docket 84–7760.**

United States Court of Appeals,
Second Circuit.

Argued March 29, 1985.

Decided May 24, 1985.

Peter P. Merrill, pro se.

John Bloise, Addison, N.Y., for defendant-appellee.

Colvin W. Grannum, Asst. Atty. Gen. and Robert Abrams, Atty. Gen. of State of N.Y., Robert Hermann, Sol. Gen., O. Peter Sherwood, Deputy Sol. Gen., Albany, N.Y., for intervenor-appellee state of N.Y., on the brief.

Before FEINBERG, Chief Judge, and OAKES and WINTER, Circuit Judges.

FEINBERG, Chief Judge:

Peter P. Merrill, pro se, appeals from an order of the United States District Court for the Western District of New York, Michael A. Telesca, J., denying his challenge under 42 U.S.C. § 1983 to the constitutionality of section 305 of the New York Real Property Tax Law and granting summary judgment to the Town of Addison. For the reasons stated below, we affirm.

**1.** Section 460 provides:
> Real property owned by a minister of the gospel, priest or rabbi of any denomination, an actual resident and inhabitant of this state, who is engaged in the work assigned by the church or denomination of which he or she is a member, or who is unable to perform such work due to impaired health or is over seventy years of age, and real property owned by his or her unremarried surviving spouse while an actual resident and inhabitant of this state, shall be exempt from taxation to the extent of fifteen hundred dollars.

**2.** Section 305 provides:
> 1. The existing assessing methods in effect in each assessing unit on the effective date of this section may continue.
> 2. All real property in each assessing unit shall be assessed at a uniform percentage of value (fractional assessment) except that, if the administrative code of a city with a population of one million or more permitted, prior to January first, nineteen hundred eighty-one, a classified assessment standard, such stan-

## I.

Appellant is a Baptist minister who resides in Addison, New York, in a home he purchased in 1977. He alleges he was denied the equal protection of the laws under the Fourteenth Amendment when Addison recently began taxing real property on the basis of "full value," rather than "partial value," assessment. Prior to 1983, Addison assessed property at approximately 10 percent of value. Thus, although Merrill paid $17,000 for his house in 1977, its assessed value was only $1,500. As a result, between 1977 and 1982 appellant paid no property taxes because he received an annual tax exemption of $1,500 granted to clergymen by section 460 of the New York Real Property Tax Law.[1] In 1983, Addison adopted full value assessment and reassessed all property in the town. Merrill's home was revalued at $22,000; the result, after subtraction of the clergyman's deduction, was taxable property of $20,500 and a tax bill of $441.35. Thus, in 1983, for the first time since he had purchased his home, Merrill was obliged to pay taxes on it.

Section 305 of the New York Real Property Tax Law permits local assessing units to use either partial or full value assessment.[2] Merrill alleges that this statute violates the equal protection clause because

> dard shall govern unless such city by local law shall elect to be governed by the provisions of this section.
> 3. Any assessing unit in which assessments are at full value by reason of a revaluation may adopt a level of assessment in accordance with this section.

This section was passed in 1981 to replace section 306, which mandated full value assessment and was honored largely in the breach. After the New York Court of Appeals held partial value assessment invalid under section 306, *Hellerstein v. Assessor of Town of Islip*, 37 N.Y.2d 1, 371 N.Y.S.2d 388, 332 N.E.2d 279 (1975), the legislature replaced the latter law with section 305, thus permitting local communities, like Irwin and Addison, to choose either full or fractional value assessment. For a history of section 305 in the context of an equal protection analysis, see *Foss v. City of Rochester*, 104 A.D.2d 99, 481 N.Y.S.2d 191 (App.Div. 4th Dept. 1984).

the proportion of a clergyman's taxes exempted by section 460 varies according to the assessment system in each locality. Thus, appellant argues, the Baptist minister residing in the adjacent town of Irwin, which continues to use fractional assessment, "maintain[s] the full power of his $1500 exemption ... while the appellant's value of that exemption [is] reduced...." Merrill asserts that section 305 permits an irrational and invidious discrimination between Baptist ministers of the same class, which unconstitutionally deprives him of a long-standing benefit.

In May 1984, Merrill brought this section 1983 action in the district court, asserting this constitutional claim. In August 1984, the district judge dismissed the complaint for failure to state a valid claim. This appeal followed. Before discussing the merits of the appeal, we address a preliminary procedural matter.

## II.

■ Although Merrill's suit is against the Town of Addison, his claim is that a New York State statute is unconstitutional. However, 28 U.S.C. § 2403(b) provides that when the constitutionality of a state statute "affecting the public interest is drawn in question" in a suit in a federal court between private parties, the court is required to "certify such fact to the attorney general of the State," and to permit the State to intervene and present evidence and argue on the constitutional question.[3] The tax assessment scheme of section 305 is clearly a matter of "public interest," but the district court did not certify the question.

Following oral argument in this court, we notified the Attorney General of the State of New York that the appeal was pending and granted him the opportunity to respond. The Attorney General submitted a brief defending the statute, and sought permission to intervene as a party defendant, which was granted.

In its original version, section 2403 of title 28 applied only to federal statutes. Subsection (a), passed in 1937, required notice to the United States Attorney General when the constitutionality of an act of Congress was questioned. Congress added subsection (b) in 1976, requiring parallel procedures for notifying a state Attorney General when a state law is at issue. In both subsections the obligation to certify rests with the court, not with the parties. The legislative history of 2403(a) reflects Congress' intent that the notice not be discretionary, *Wallach v. Lieberman*, 366 F.2d 254, 257 n. 8 (2d Cir.1966), and there is no reason to believe that certification under 2403(b) should be treated differently. Congress passed section 2403(b) in 1976 as part of a legislative package that included the repeal of 28 U.S.C. §§ 2281 and 2282, which had required the convening of a three-judge court in any case in which a party sought to enjoin the operation of a state or federal statute on grounds of unconstitutionality. Pub.L. No. 94–381, 90 Stat. 1119 (1976). The Senate report on the bill referred to amended section 2403 as one of the safeguards that made possible the repeal of the unwieldy three-judge court rule. S.Rep. No. 204, 94th Cong. 2d Sess. 13, *reprinted in* 1976 U.S.Code Cong. & Ad. News 1988, 2001.

■ Certification is thus a duty of the court that should not be ignored, even if the claim is obviously frivolous or may be disposed of on other grounds. 3B J. Moore & J. Kennedy, *Moore's Federal Practice*, ¶ 24.06[2] at 24–29; *Wallach v. Lieberman*,

---

**3.** Section 2403(b) provides:

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene

> for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

*supra*, 366 F.2d at 257. But the statute does not identify the effect, if any, of a district court's failure to follow these required procedures. The cases are clear, however, that the omission does not deprive the district court of jurisdiction. Our holding to that effect in *Wallach v. Lieberman, id.*, which involved a challenge to a federal statute, has been followed in other circuits in cases involving both federal and state laws, including some in which certification occurred even after judgment at the appellate level. *See Kealey Pharmacy & Home Care Services v. Walgreen Co.*, 761 F.2d 345 (7th Cir.1985); *Puffer's Hardware v. Donovan*, 742 F.2d 12 (1st Cir.1984); *Bridges v. Phillips Petroleum Co.*, 733 F.2d 1153, 1156 n. 7 (5th Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 921, 83 L.Ed.2d 933 (1985); *Jones v. City of Lubbock*, 727 F.2d 364, 372 (5th Cir.1984); *Sutton v. City of Milwaukee*, 672 F.2d 644, 648–49 (7th Cir.1982); *Davis v. Fendler*, 650 F.2d 1154, 1163–64 (9th Cir.1981). There is thus general agreement that section 2403 "should not be ignored," but, at least where the constitutionality of the statute has been upheld, there is "no practical purpose to be served in remanding." *Thatcher v. Tennessee Gas Transmission Co.*, 180 F.2d 644, 648 n. 7 (5th Cir.), *cert. denied*, 340 U.S. 829, 71 S.Ct. 66, 95 L.Ed. 609 (1950). Absent indication of harm, or prejudice to the government's opportunity to fully present its views, belated certification, while not ideal, is sufficient to honor the purpose of section 2403.

### III.

Turning now to the appeal before us, we note that the Attorney General of New York asserts that the claim is barred by the doctrine of res judicata. Merrill disputes this argument, but his reasoning is hazy. The Town of Addison raised the defense of res judicata in the district court, but for reasons unclear to us the judge did not decide the question. However, since disposition of a case without reaching a constitutional question is clearly the preferred course, *see New York City Transit Authority v. Beazer*, 440 U.S. 568, 582, 99

S.Ct. 1355, 1364, 59 L.Ed.2d 587 (1979), we have reviewed the record and find that this claim is barred by prior state court litigation.

Before bringing his federal action, appellant filed a suit in the Supreme Court of Steuben County, seeking to invalidate section 305 on numerous grounds, including deprivation of property without due process and an alleged infringement under the Ninth Amendment of the special rights of clergymen. In the same suit, he also challenged Addison's 1983 Town Assessment on the basis of asserted irregularities in the presentment of the tax roll. In July 1983, a state judge severed the constitutional claims and rendered judgment against appellant on the others. In the following month, another state judge of the same court disposed of the remaining claims in a short order. The order referred to a "motion of Plaintiff asking that certain state legislative action be held unconstitutional," and stated that "all relief sought thereunder ... is hereby denied and all portions of Plaintiff's Complaint not previously dismissed by Order ... are hereby dismissed." Merrill appealed both orders to the Appellate Division. In the appeal, he restated his previous constitutional arguments and added several new ones, including the equal protection claim he asserts in this federal action. In April 1984, the Appellate Division affirmed both orders, and on May 25, 1984, denied appellant's motion for reargument or for leave to appeal to the New York Court of Appeals. Shortly thereafter, appellant filed his suit in the federal district court.

There is no question but that a " 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction ... cannot be disputed in a subsequent suit between the same parties...' " *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979), quoting from *Southern Pacific Railway Co. v. United States*, 168 U.S. 1, 48–49, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1897). Such preclusive effect, which protects parties from the "expense and vexation attend-

ing multiple lawsuits," *Montana, supra,* 440 U.S. at 153–54, 99 S.Ct. at 973–74, applies to federal questions decided by state courts, including claims brought under 42 U.S.C. § 1983. *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). In *Allen,* the Court held that federal courts must give "preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Id.* at 96, 101 S.Ct. at 415. Since Merrill would be barred in the New York State courts from again challenging the validity of section 305 on equal protection grounds, *see Reilly v. Reed,* 45 N.Y.2d 24, 407 N.Y.S.2d 645, 379 N.E.2d 172 (1978), he is also barred from relitigating it in federal court.

We therefore need not reach Merrill's challenge to the constitutionality of section 305. Nonetheless, we note that it is well settled that a statutory classification rationally related to legitimate government objectives does not violate the equal protection clause unless it uses suspect classifications or impinges upon constitutionally protected rights, which is not the case here. *San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 40, 93 S.Ct. 1278, 1300, 36 L.Ed.2d 16 (1972). Indeed, the rule is elementary that "in taxation, even more than in other fields, legislatures possess the greatest freedom in classification." *Madden v. Kentucky,* 309 U.S. 83, 88, 60 S.Ct. 406, 408, 84 L.Ed. 590 (1940).

The judgment of the district court is affirmed. Appellee's request for attorney's fees is denied. Ordinary costs are awarded.