In re Joseph A. LAND and Patrice C. Land, Debtors.

Andrew W. Suhar, Trustee, Plaintiff,

v.

Joseph A. Land, et al., Defendants.

Bankruptcy No. 00–41920.
Adversary No. 01–4092.

United States Bankruptcy Court, N.D. Ohio.

Feb. 18, 2003.

Bruce R. Epstein, Youngstown, OH, for Debtors.

Andrew W. Suhar, Youngstown, OH, trustee.

Frederic P. Schwieg, Rocky River, OH, for Plaintiff.

Curtis D. Britt, Cincinnati, OH, for Movant.

Saul Eisen, Cleveland, OH, United States Trustee.

## MEMORANDUM OPINION

WILLIAM T. BODOH, Chief Judge.

This cause is before the Court on the motion of Defendant U.S. Bank fka Firstar Bank, N.A. fka Star Bank ("Movant") for summary judgment. Trustee Andrew W. Suhar ("Plaintiff") filed a brief in opposition to the motion. Subsequently, Plaintiff filed a supplemental brief in opposition. Debtors/Defendants Joseph A. and Patrice C. Land ("Debtors") did not respond to any of the documents. Curtis D. Britt, Esq. appears on behalf of Movant. Frederic P. Schwieg, Esq. appears on behalf of

Plaintiff. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (E), (F), (K) and (O). The following constitutes the Court's findings of fact and conclusions of law pursuant to FED. R. BANKR. P. 7052.

## A. Facts

It is undisputed that on March 6, 1997, Debtors signed a mortgage in favor of Defendant, on a property located at 507 Dearborn Street, Girard, Ohio. Plaintiff claims that only one potential witness attended the mortgage signing. The mortgage was recorded on March 20, 1997. Debtors filed a bankruptcy petition on June 30, 2000. Plaintiff is the Trustee of Debtors' bankruptcy estate. On May 2, 2001, Plaintiff filed an action to set aside the mortgage at issue in these proceedings.

## B. Issues

At issue in this case is whether a bankruptcy trustee may avoid a mortgage through the Bankruptcy Code's strong arm clause and relevant Ohio law. Because Ohio mortgage law has been recently amended, the Court must determine which version of the relevant statutes apply to this mortgage.

## C. Discussion

### 1. *The Strong Arm Clause*

■ Plaintiff argues that the strong arm clause allows the estate to avoid this mortgage because it was not properly executed pursuant to Ohio law. The strong arm clause of the Bankruptcy Code, 11 U.S.C. § 544(a)(3), "allows a trustee to avoid transfers of property that would be avoidable by a hypothetical *bona fide* purchaser." *Davis v. Ocwen Fed. Savs. Bank (In re Haviaras)*, 266 B.R. 792, 795 (N.D.Ohio 2001). The strong arm clause states:

The trustee shall have, as of the commencement of the case, . . . the rights and powers of, or may avoid any . . . obligation incurred by the debtor that is voidable by . . . a bona fide purchaser of real property . . . from the debtor . . . whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3) (2002). "Whether the trustee has actual knowledge of the mortgage is irrelevant." *Haviaras*, 266 B.R. at 795.

### 2. *Ohio Law*

■ In this case, because the property in question is located in Ohio, the law of Ohio governs. *See id.* at 795–96 (citing *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1024 (6th Cir. 2001)). There have been recent changes to Ohio's mortgage law. A brief review of the evolution of Ohio mortgage law will clarify this matter.

Ohio Revised Code § 5301.01 sets forth the requirements for proper execution of a mortgage. Section 5301.01 has been amended recently. Prior to January 31, 2002, the version of § 5301.01 in effect sprang from Senate Bill 114 ("S.B.114"). Pursuant to S.B. 114, for a mortgage to be properly executed in Ohio: (1) the mortgage must be signed by the mortgagor; (2) the signature must be acknowledged by the mortgagor in the presence of two witnesses and (3) the mortgagor's signature must be acknowledged or certified by a notary public or other designated individual. *See* OHIO REV. CODE § 5301.01(A) (amended Feb. 1, 2002). Applying the S.B. 114 version of § 5301.01, a mortgage failing to meet all of the aforementioned requirements is defectively executed and avoidable by third parties.[1]

---

1. In contrast, a defectively executed mortgage is valid between the parties in the absence of fraud. *See Citizens Nat'l Bank v. Denison,* 165 Ohio St. 89, 95, 133 N.E.2d 329 (1956) (citation omitted).

Recording a defectively executed mortgage fails to cure the defect. *See Amick v. Woodworth,* 58 Ohio St. 86, ¶ 2 (syllabus), 50 N.E. 437. All mortgages must be recorded, *see* Ohio Revised Code § 5301.25(A), however, mortgages with defective executions are not validly recorded. Section 5301.25 states that all "instruments of writing properly executed for the conveyance or encumbrance of lands ... shall be recorded in the office of the county recorder[.]" Ohio Rev. Code § 5301.25(A) (2002). For a recording to be effective, a mortgage's execution must be proper. Without proper execution, a mortgage's recording is ineffective and the mortgage is "fraudulent, so far as relates to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of such ... instrument." *Id.* For example "[a] mortgage with but one attesting witness besides the mortgagee ... is not entitled to record, nor valid, though admitted to record, as against a subsequent properly executed and recorded mortgage." *Amick,* 58 Ohio St. at ¶ 2. Accordingly, a mortgage that is "defectively executed" is not properly recorded and may be invalid against third parties. *See Citizens Nat'l Bank v. Denison,* 165 Ohio St. 89, ¶ 1, 133 N.E.2d 329 (1956) (syllabus).

Applying the strong arm clause, bankruptcy trustees have been permitted to stand in the place of a *bona fide* purchaser and avoid improperly executed mortgages. *See Zaptocky,* 250 F.3d at 1028; *Kovacs v. First Union Home Equity Bank,* Nos. 3:01–CV–7219, 3:01–CV–7220, 3:01–CV–7426, 2002 WL 31730964 at *4 (N.D.Ohio, Dec.3, 2002); *Wasserman v. Household Realty Corp. (In re Barkley),* 263 B.R. 553, 566 (Bankr.N.D.Ohio 2001).

In an attempt to end the avoidance of mortgages executed without two witnesses,

on June 30, 1999, Ohio's legislature enacted Ohio Revised Code § 5301.234.[2] Section 5301.234 created an irrebuttable presumption that all recorded mortgages were properly executed. *See* Ohio Rev. Code § 5301.234(A) (repealed 2002). Evidence of an actual defect in the witnessing was no longer evidence of fraud upon the mortgage and did not rebut the presumption of proper execution. *See id.* Moreover, an actual defect in the witnessing did not render the mortgage ineffective for purposes of constructive notice. *See* Ohio Rev. Code § 5301.234(C) (repealed 2002). Simply stated, applying § 5301.234 blocked the practice of avoiding mortgages lacking two witnesses.

Section 5301.234's constitutionality was challenged. Parties argued that § 5301.234 violated the single subject rule. Moreover, they argued that § 5301.234 improperly violated vested rights when applied retrospectively. Ohio's Supreme Court held that § 5301.234 could be applied retroactively. *See In re Stewart,* 96 Ohio St.3d 67, 67, 771 N.E.2d 250 (2002). Two and a half years after its enactment, on February 1, 2002, Ohio's General Assembly repealed § 5301.234 with House Bill 279 ("H.B.279").

H.B. 279 also amended § 5301.01. The H.B. 279 version of § 5301.01 no longer requires two witnesses for proper mortgage execution. Moreover, H.B. 279 declares that all mortgages, prior to the effective date of the amendment, are "deemed properly executed and ... presumed to be valid[,]" regardless of whether two witnesses were at the signing of the mortgage. *See* Ohio Rev. Code § 5301.01(B)(1)(a) (2002).

### 3. *Determining which Version of § 5301.01 Applies*

■ This Court must determine which version of § 5301.01 governs the mort-

**2.** House Bill 163 ("H.B.163") enacted § 5301.234.

gage at issue in this matter.[3] A mortgage is a contract between the lender and the borrower. *See generally* BLACK'S LAW DICTIONARY (7th ed.1999). Therefore, Ohio's contract law applies to mortgages and is useful in determining which version of § 5301.01 governs.

In Ohio, a contract is governed by the law in effect at the time the contract is signed. *See Ross v. Farmers Ins. Group of Cos.,* 82 Ohio St.3d 281, 287, 695 N.E.2d 732 (1998) (citations omitted); *Weil v. State,* 46 Ohio St. 450, 453, 21 N.E. 643 (1889); *Goodale v. Fennell,* 27 Ohio St. 426, 432 (1875); *Smith v. Parsons,* 1 Ohio 236, 242 (1823). This basic contract law principle assigning the date of the making of the contract as the determinative date for applicable law is embedded in the earliest recordings of common law. The Ohio Supreme Court has stated: "When the contract is once made, the law then in force defines the duties and rights of the parties under it." *Goodale,* 27 Ohio St. at 432. Moreover, the Ohio Supreme Court has held that "[t]he obligation of a contract is the duty which the law at the time of making it imposes upon the parties." *Weil,* 46 Ohio St. at 452, 21 N.E. 643; *see also Ross,* 82 Ohio St.3d at ¶ 1, 695 N.E.2d 732 (syllabus).

Courts have concluded that laws in force at the making of a contract actually form part of the contract. *Weil,* 46 Ohio St. at 453, 21 N.E. 643. " '[C]ontracts must be expounded according to the law in force at the time they were made, and the parties are as much bound by a provision contained in a law as if that provision had been inserted in and formed part of the contract.' " *Id.* at 453, 21 N.E. 643 (cita-

tion omitted). The law in effect at a contract's making is inextricably intertwined with a contract because an obligation fixed by an agreement depends upon the binding force of a contract on the parties making it. *See Goodale,* 27 Ohio St. at 431–32. An agreement must be enforceable based upon the intent of the parties at the time the contract was formed. Laws in effect at the making of a contract "are necessarily referred to in all contracts as forming part of them, as the measure of the obligation to perform them, and as creating the right acquired by the other party to compel performance." *Id.* at 432.

This Court concludes that the date that a mortgage is signed determines the law governing the contract. Debtors' mortgage was signed on March 6, 1997. Accordingly, the Court concludes that the S.B. 114 version of § 5301.01, effective August 10, 1994 through January 31, 2002, applies to this mortgage because it was the law of Ohio at the time that the mortgage was executed.[4]

### 4. *Determining whether § 5301.234 Applies*

Both parties cite to Ohio Revised Code § 5301.234 as law applicable to this mortgage. Movant relies heavily on *Stewart.* In *Stewart,* the Ohio Supreme Court stated that § 5301.234 could be applied to mortgages recorded before the effective date of the statute, however the Court did not mandate that § 5301.234 must apply to all mortgages recorded prior to its enactment. *See Stewart,* 96 Ohio St.3d at 67, 771 N.E.2d 250. The Bankruptcy Appellate Panel certified the following question to the Ohio Supreme Court: "Can Ohio Revised Code § 5301.234 be applied to

---

**3.** Neither party distinguished between the S.B. 114 and H.B. 279 versions of § 5301.01, however both parties quoted the older S.B. 114 version.

**4.** The Sixth Circuit has *not* applied the H.B. 279 version of § 5301.01 when it was enacted subsequent to petition filing. *See generally Zaptocky,* 250 F.3d at 1020.

presume the validity of a mortgage in a bankruptcy case filed after the effective date of the statute, when the mortgage at issue in the bankruptcy case was recorded before the statute's effective date?" *Id.* The Court stated in its single sentence decision: "The certified question is answered in the affirmative." *Id.* The Court could have held that § 5301.234 "shall" be applied to all mortgages filed prior to the enactment of the statute. Instead, the Court declared that § 5301.234 could be applied.

Section 5301.234 does not govern this mortgage because: (1) it was not in effect at mortgage signing and (2) it was repealed. The law in effect at contract signing governs the contract. *See supra.* This mortgage was signed in March 1997. Section 5301.234 was not enacted until 1999. Moreover, § 5301.234 is inapplicable because it was subsequently repealed. The "repeal of a statute renders it henceforth inoperative[.]" *Bd. of Educ. of Kenton City Sch. Dist. v. State Bd. of Educ.,* 174 Ohio St. 257, ¶ 1, 189 N.E.2d 72 (1963) (syllabus). Accordingly, this Court concludes that § 5301.234 is not applicable to this mortgage.

### 5. *Applying the S.B. 114 Version of § 5301.01*

At mortgage signing, S.B. 114 required two attesting witnesses. Plaintiff's complaint places Movant on notice that the lack of adequate witnesses at the mortgage execution is squarely at the heart of this matter. *See* Complaint ¶ 12 (stating that "because ... some or all of the witnesses on the Mortgage were not present at its execution as required by § 5301.01 ... Firstar Bank, N.A. is an unsecured creditor of the Estate."). In its summary judgement motion, Movant acknowledges the two witness requirement without presenting evidence that two witnesses were present at the mortgage signing. Movant offers a conclusory argument that the mortgage was effectively executed and that all signatures on the mortgage are "valid." Movant's Mot. for Summ. J. against Pl. at 2 (unmarked page number).

In contrast, Plaintiff's responding brief provides affidavits stating that only one potential witness was present at the mortgage signing. Movant's affidavits are *prima facie* evidence of the mortgage's invalidity. Movant failed to rebut Plaintiff's evidence. Movant initiated summary judgment proceedings arguing that Plaintiff could not bear its burden of showing facts supporting its position. Plaintiff supported its position by providing evidence that only one potential witness attended the mortgage signing. Movant had a full and fair opportunity to respond to Plaintiff's evidence through a reply brief. Evaluating the record as a whole, a reasonable person could only conclude that one potential witness attended the mortgage execution.

### 6. *Summary Judgment*

The procedure for granting summary judgment is found in FED. R. CIV. P. 56(c), made applicable to this proceeding through FED. R. BANKR. P. 7056, which provides in part that:

[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Evidence submitted on summary judgment is viewed in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment is not proper if there is a material dispute over the facts, "that is, if the evidence is such that a reasonable jury

could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Movant asked the Court to review this matter as a whole and render a decision on the merits. The Court does not take this request lightly. Plaintiff provided evidence that only one witness attended the mortgage signing. Movant rebutted Plaintiff's claim by providing evidence that two people signed the mortgage. Movant failed to provide evidence that those two people attended the mortgage signing. Therefore, a review of the record leads the Court to find in favor of the nonmoving party. Accordingly, the Court takes Plaintiff's brief in opposition to Movant's summary judgment motion as a cross motion for summary judgment and finds in favor of Plaintiff.

█ A court may enter summary judgment *sua sponte* in favor of a nonmoving party when the moving party has had adequate opportunity to present evidence on the issue on which summary judgement is granted. *See Salehpour v. University of Tennessee*, 159 F.3d 199, 204 (6th Cir. 1998); *Orix Credit Alliance, Inc. v. Horten*, 965 F.Supp. 481, 484 (S.D.N.Y.1997); *see also First Financial Insurance Co. v. Allstate Interior Demolition Corp.*, 193 F.3d 109, 114 (2d Cir.1999) ("District courts are widely acknowledged to possess the power to enter summary judgment *sua sponte*.") (citation omitted). "[A]s long as

some party has made a motion for summary judgment, a court may grant summary judgement to a non-moving party[.]" *First Fin. Ins. Co.*, 193 F.3d at 115. Movant had adequate opportunity to present evidence in this summary judgment proceeding. Movant had adequate opportunity to gather evidence during the year that passed between the time when Movant answered the complaint and asked for summary judgment. Moreover, Movant specifically requested summary judgment in this case that revolves around the single issue of the number of witnesses attesting to mortgage signatures. Despite adequate notice and opportunity to brief and argue the single issue in this case, Movant failed to provide any evidence rebutting Plaintiff's evidence of one witness.

### 7. *Certification to the Attorney General's Office*

Plaintiff argues that this Court must notify the Ohio Attorney General that a question of state law constitutionality exists within this case. *See* 28 U.S.C. § 2403(b) (2002). Certifying issues to the Attorney General provides the state an opportunity to present evidence and argument on the question of constitutionality. *See id.* The Court concludes that Attorney General certification is unnecessary in this matter because the merits of the case have been resolved on grounds that do not involve the constitutionality of Ohio law.

### D. Conclusion

For the foregoing reasons, this Court concludes that the S.B. 114 version of § 5301.01 governs this mortgage and that neither § 5301.234 nor the H.B. 279 version of § 5301.01 is applicable. The Court *sua sponte* takes Plaintiff's responsive brief as a cross motion for summary judgment. Moreover, the Court concludes that this mortgage was not properly executed. Accordingly, pursuant to the strong arm

clause and applicable Ohio law, Plaintiff may avoid the mortgage.