In re Larry Llewellyn POTTS, Debtor.

Richard A. Baumgart,
Trustee, Plaintiff,

v.

Larry Llewellyn Potts,
et al., Defendants.

Bankruptcy No. 01–19924.
Adversary No. 02–1050.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Oct. 16, 2006.

Diana M. Thimmig, Cleveland, OH, for Debtor.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Chief Judge.

The matters before the Court are cross motions for summary judgment ("Motions") filed by the Plaintiff Richard A. Baumgart, Chapter 7 Trustee (Trustee), and co-defendant creditor, Household Financial Services (Household). The Trustee's adversary complaint seeks a court determination of the validity, priority, and extent of certain liens on the residential property of Larry Llewellyn Potts (Debtor) and to avoid an allegedly defective mortgage granted in favor of Household pursuant to § 5301.01 and 5301.25 of the

Ohio Revised Code. [Ohio Rev.Code Ann. §§ 5301.01, 5301.25]. The Court acquires core matter jurisdiction over these proceedings, pursuant to 28 U.S.C. §§ 157(a) and (b), 28 U.S.C. § 1334, and General Order Number 84 of this District. The following findings of fact and conclusions of law are herein made:

I.

Based upon stipulated facts filed by the parties to this proceeding, the following facts are undisputed:

The Debtor filed his voluntary bankruptcy petition under Chapter 7 on October 9, 2001. At the time of the commencement of the Debtor's bankruptcy case, Debtor was the owner of certain real property located at 1350/52 West 91st Street, Cleveland, Ohio. On or about March 22, 2000, the Debtor signed a promissory note obligating the Debtor to pay to Atlantic International Mortgage Company (Atlantic) the sum of $100,300.00, plus interest. On or about March 22, 2000, the Debtor signed an open-end mortgage on the real estate to Atlantic, securing the obligation referenced by the promissory note.

Two witnesses were not present when the Debtor signed the Mortgage. The Mortgage was signed before one witness. The Mortgage was filed with the Cuyahoga County Recorder on March 27, 2000. Thereafter, the interests of Atlantic, which were referenced in the Note and Mortgage were subsequently transferred and/or assigned to Defendant, Household Financial (Household). Household, is the current holder of the subject mortgage. (See Stipulations of Fact, Docket # 67–1, filed October 29, 2002).

Herein, the Trustee moves for summary judgment on the basis that the mortgage

held by Household was not properly executed in accordance with Ohio law, to wit: Ohio Revised Code § 5301.01. Trustee, therefore, contends that the mortgage is invalid and avoidable under § 544 of the Bankruptcy Code. [11 U.S.C. § 544], and should be preserved for the benefit of the Debtor's estate pursuant to §§ 547, 550, 551 of the Code. [11 U.S.C. §§ 547, 550, 551].

Household files its cross motion for summary judgment alleging that pursuant to the Ohio Supreme Court's ruling in *In re Stewart*, 96 Ohio St.3d 67, 771 N.E.2d 250 (2002), the Trustee cannot prove by clear and convincing evidence that the subject mortgage was not properly executed pursuant to O.R.C. § 5301.01, since the mortgage is now irrebutably presumed to be properly executed. Also, Household alleges that O.R.C. § 5301.234 applies to bar the Trustee's complaint. Lastly, Household argues that this Court is without jurisdiction to determine whether O.R.C. § 5301.234 is constitutional, since the Trustee has not properly served notice upon the Ohio Attorney General pursuant to the requirements of O.R.C. § 2721.12. [Ohio Rev.Code. Ann. § 2721.12].

## II.

The dispositive issues before this Court are: (1) whether service of process was perfected upon all entitled parties in order to accord proper jurisdiction for relief, and (2) whether there exists genuine issues of material fact in dispute to warrant consideration of summary judgment to either movant.

## III.

### *JURISDICTION*

■ Section 2712.12 of the Ohio Revised Code provides in relevant part:

...if any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general also shall be served with a copy of the complaint in the action or proceeding and shall be heard. In any action or proceeding that involves the validity of a township resolution, the township shall be made a party and shall be heard.

Ohio Rev.Code Ann. § 2712.12(A). O.R.C. § 2721.12(B) requires that the Attorney General be served with a copy of the complaint in any action that claims a statute or an ordinance to be unconstitutional. The Supreme Court of Ohio held in *Cicco v. Stockmaster*, 89 Ohio St.3d 95, 728 N.E.2d 1066 (2000) that a party challenging the constitutionality of a statute or an ordinance must serve a copy of the pleading upon the Attorney General in accordance with methods set forth in Ohio Civ. R. 4.1 in order to vest the trial court with jurisdiction under O.R.C. § 2721.12. Herein, the Trustee avers that "On October 16, 2002, the Ohio Attorney General was served with notice of the *Trustee's constitutional challenge* to Ohio Revised Code § 5301.234. The Ohio Attorney General accepted the Trustee's notice." (See Trustee's Motion for Summary Judgment, at 4.)(emphasis added). The Trustee attached an Affidavit in support of the notice procedure. (See Trustee's Motion for Summary Judgment, Exhibit B.). By the Trustee's own admission, he has challenged the constitutionality of a state statute. A party who is challenging the constitutionality of a statute must assert the claim in the complaint (or other initial pleading) or an amendment thereto, and must serve the pleading upon the Attorney General in accordance with methods set forth in Ohio Civ. R. 4.1 in order to vest a trial court with jurisdiction under O.R.C. § 2721.12. Exhibit B and the response of

the Ohio Attorney General evinces that the Trustee complied with the mandate of O.R.C. § 2721.12. However, in federal courts, 28 U.S.C. § 2403 requires the court to certify such a challenge to the Ohio Attorney General.

### Section 2403 of Title 28

Section 2403, Title 28, United States Code provides in pertinent part:

(b) In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

■ As the Trustee admits that he is challenging the constitutionality of O.R.C. § 5301.234, certification is thus a duty of the court that should not be ignored. 3B J. Moore & J. Kennedy, Moore's Federal Practice, P 24.06[2] at 24–29; *Wallach v. Lieberman,* 366 F.2d 254, 257 n. 8 (2d Cir.1966). Indeed, the statute does not identify the effect, if any, of a court's failure to follow these required procedures. The cases are clear that the omission does not deprive the court of jurisdiction. The Sixth Circuit has not specifically addressed this statute, but other circuits which have,

allow certification to occur even after judgment at the appellate level. *See e.g. Kealey Pharmacy & Home Care Services v. Walgreen Co.,* 761 F.2d 345 (7th Cir.1985); *Puffer's Hardware v. Donovan,* 742 F.2d 12 (1st Cir.1984); *Bridges v. Phillips Petroleum Co.,* 733 F.2d 1153, 1156 n. 7 (5th Cir.1984), cert. denied, 469 U.S. 1163, 105 S.Ct. 921, 83 L.Ed.2d 933 (1985); *Jones v. City of Lubbock,* 727 F.2d 364, 372 (5th Cir.1984); *Sutton v. City of Milwaukee,* 672 F.2d 644, 648–49 (7th Cir.1982); *Davis v. Fendler,* 650 F.2d 1154, 1163–64 (9th Cir.1981). Absent indication of harm, or prejudice to the government's opportunity to fully present its views, belated certification, while not ideal, is sufficient to honor the purpose of 28 U.S.C. § 2403. *Merrill v. Town of Addison,* 763 F.2d 80 (2d Cir. 1985).

■ Notwithstanding, this Court has concluded that Attorney General certification is unnecessary if the merits of the case can be resolved on grounds that do not involve the constitutionality of Ohio law. *See Suhar v. Land, et al. (In re Land),* 289 B.R. 71 (Bankr.N.D.Ohio (Youngstown) entered February 18, 2002). Nevertheless, the Trustee has properly served the Attorney General and the Attorney General has accepted service. Thusly, Household's objection as to service is rendered moot, and the Court is properly vested with jurisdiction.

## IV.

Section 5301.01 of the Ohio Revised Code currently provides, in pertinent part:

(B)(1) If a deed, mortgage, land contract as referred to in division (B)(2) of section 317.08 of the Revised Code, lease of any interest in real property, or a memorandum of trust as described in

division (A) of section 5301.255 [5301.25.5] of the Revised Code was executed prior to the effective date of this amendment and was not acknowledged in the presence of, or was not attested by, two witnesses as required by this section prior to that effective date, both of the following apply:

(a) The instrument is deemed properly executed and is presumed to be valid unless the signature of the grantor, mortgagor, vendor, or lessor in the case of a deed, mortgage, land contract, or lease or of the settlor and trustee in the case of a memorandum of trust was obtained by fraud.

(b) The recording of the instrument in the office of the county recorder of the county in which the subject property is situated is constructive notice of the instrument to all persons, including without limitation, a subsequent purchaser in good faith or any other subsequent holder of an interest in the property, regardless of whether the instrument was recorded prior to, on, or after the effective date of this amendment.

(2) Division (B)(1) of this section does not affect any accrued substantive rights or vested rights that came into existence prior to the effective date of this amendment.

Ohio Revised Code Ann. § 5301.01 (2002).[1] The "strong arm" clause of the Bankruptcy Code, 11 U.S.C. § 544(a), grants a bankruptcy trustee the power to avoid transfers of property that would be avoidable by certain hypothetical lien creditors. *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020(6th Cir.2001). Section 544(a) provides:

> The Trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
> > (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
>
> > \* \* \*. \* \* \*
>
> > (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a). A trustee is entitled to avoid a mortgage under § 544(a)(3) if a hypothetical bona fide purchaser would be able to avoid this mortgage. Since this mortgage concerns real property located in Ohio, this inquiry is governed by Ohio law. *See Watson v. Kenlick Coal Co., Inc.*, 498 F.2d 1183, 1190 (6th Cir.1974). Herein, the Trustee's rights vested as of the bankruptcy petition filing date, October 9, 2001. Thus, the exception to amended § 5301.01

---

1. Section 5301.01 was amended by the Ohio Legislature and became effective on February 1, 2002.

is applicable. That amended section does not affect any accrued substantive rights or vested rights that came into existence prior to the effective date of this amendment. *See* Ohio Revised Code Ann § 5301.01(B)(2). Thus, at the time of the Debtors' bankruptcy filing, O.R.C. § 5301.01 required the attestation of two witnesses.

Section 5301.234 of the Revised Code, which mandated that one-witness mortgages were presumptively valid, was declared unconstitutional by this Court in *Myron Wasserman, Trustee v. Household Realty Corp. (In re Barkley)*, 263 B.R. 553 (Bankr.N.D.Ohio 2001). In *Barkley*, the Court ruled that § 5301.234 violated the one-subject rule of violation of Art. II, § 15(D) of the Ohio Constitution, which stated:

> No bill shall contain more than one subject, which shall be clearly expressed in the title. No law shall be revived or amended unless the new act contains the entire act revived, or the section or sections amended shall be repealed.

To date, the *Barkley* decision, as discussed further below, is still good law.

## V.

Accordingly, this Court must determine whether Plaintiff qualifies as a bona fide purchaser under Ohio law and can therefore avoid the mortgages under § 544(a)(3).

There have been multiple changes to Ohio's mortgage law that affect the circumstances under which a bankruptcy trustee qualifies as a bona fide purchaser and can avoid a defectively executed mortgage under § 544(a)(3). Accordingly, a brief review of the evolution of Ohio mortgage law is necessary in resolving this matter.

## A. Ohio Mortgage Law

### Bona Fide Purchasers Under § 5301.01

 There are three prerequisites for the proper execution of a mortgage in Ohio: "(1) the mortgagor must sign the mortgage deed; (2) the mortgager's (sic) signature must be attested by two witnesses; and (3) the mortgagor's signature must be acknowledged or certified by a notary public (or other designated official)." *Zaptocky*, 250 F.3d at 1024; see OHIO REV. CODE ANN. § 5301.01(A). A mortgage that fails to meet all of these prerequisites is defectively executed. Historically, under Ohio law a defectively executed mortgage, even though recorded, did not place a bona fide purchaser on constructive notice of the encumbrance. 304 *Citizens Nat'l Bank v. Denison*, 165 Ohio St. 89, 133 N.E.2d 329 (1956); *Amick v. Woodworth*, 58 Ohio St. 86, 50 N.E. 437 (1898); *Thames v. Asia's Janitorial Serv., Inc.*, 81 Ohio App.3d 579, 611 N.E.2d 948 (1992). Since a defectively executed mortgage did not place a bona fide purchaser on constructive notice of the encumbrance, bankruptcy trustees have been permitted to avoid improperly executed mortgages pursuant to § 544(a)(3). *See Zaptocky*, 250 F.3d 1020; *Land*, 289 B.R. 71; *In re Haviaras*, 266 B.R. 792 (N.D.Ohio 2001).

### Bona Fide Purchasers Under § 5301.234

On June 30, 1999, in an attempt to end the avoidance of defective mortgages that were properly recorded, the General Assembly enacted Ohio Revised Code § 5301.234. Subject to certain exceptions, § 5301.234(A) provided "[a]ny recorded mortgage is irrebuttably presumed to be properly executed, regardless of any actual or alleged defect in the witnessing or acknowledgment on the mortgage ...."

OHIO REV. CODE ANN. § 5301.234(A) (Anderson 1999). Section 5301.234(C) provided:

> The recording of a mortgage is constructive notice of the mortgage to all persons, including without limitation, a subsequent bona fide purchaser or any other subsequent holder of an interest in the property. An actual or alleged defect in the witnessing or acknowledgment on the recorded mortgage does not render the mortgage ineffective for purposes of constructive notice.

OHIO REV. CODE ANN. § 5301.234(C) (Anderson 1999).

Thus, under Ohio Revised Code § 5301.234, a defectively executed mortgage, which was properly recorded, placed a bona fide purchaser on constructive notice of the encumbrance, and could not be avoided by a bankruptcy trustee under § 544(a)(3). Section 5301.234, however, has been successfully challenged as a violation of the "one-subject" requirement of Article II, § 15(D) of the Ohio Constitution and is inoperative. *See Wasserman v. Household Realty Corp. (In re Barkley)*, 263 B.R. 553, 560 (Bankr.N.D.Ohio 2001). Section 5301.234 is also inoperative because it has been repealed, and the "repeal of a statute renders it henceforth inoperative." *Bd. of Educ. of Kenton City Sch. Dist. v. State Bd. of Educ.*, 174 Ohio St. 257, ¶ 1, 189 N.E.2d 72 (1963) (syllabus).

**Bona Fide Purchaser Under Amended § 5301.01**

■ In response to constitutional challenges to § 5301.234, the General Assembly repealed § 5301.234 and enacted amendments to § 5301.01 of the Ohio Revised Code. The amended version of § 5301.01, effective February 1, 2002, provides, in relevant part:

(B)(1) If a deed, mortgage, land contract as referred to in division (B)(2) of section 317.08 of the Revised Code, lease of any interest in real property ... was executed prior to the effective date of this amendment and was not acknowledged in the presence of, or was not attested by, two witnesses as required by this section prior to that effective date, both of the following apply:

(a) The instrument is deemed properly executed and is presumed to be valid unless the signature of the grantor, mortgagor, vendor, or lessor in the case of a deed, mortgage, land contract or lease ... was obtained by fraud.

(b) The recording of the instrument in the office of the county recorder of the county in which the subject property is situated is constructive notice of the instrument to all persons, including without limitation, a subsequent purchaser in good faith or any other subsequent holder of an interest in the property, regardless of whether the instrument was recorded prior to, on, or after the effective date of this amendment.

(2) Division (B)(1) of this section does not affect any accrued substantive rights or vested rights that came into existence prior to the effective date of the amendment.

Ohio Rev.Code Ann. § 5301.01(B) (Anderson 2003) (emphasis added). Thus, under Ohio Revised Code § 5301.01(B) a defectively executed mortgage, which is properly recorded, places a bona fide purchaser on constructive notice of the encumbrance, and can not be avoided by a bankruptcy trustee under § 544(a)(3) unless the bankruptcy trustee's rights have already vested.

**B. Determining Which Version of § 5301.01 Applies**

While it is generally true that a contract is governed by the law in effect at the time

the contract is signed, the General Assembly has the power to pass a retroactive law so long as the law does not violate Article II, § 28 of the Ohio Constitution. Accordingly, this Court must determine whether § 5301.01, as amended, can be applied retroactively without violating Article II, § 28 of the Ohio Constitution.

**Retroactive Application of § 5301.01(B)**

■ Article II, § 28 of the Ohio Constitution gives the General Assembly the power to pass retroactive laws to cure omissions, defects and errors in instruments and proceedings. Article II, § 28 of the Ohio Constitution provides:

> The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omissions, defects, and errors, in instruments and proceedings, arising out of their want of conformity with the laws of this state.

OHIO CONST. Art. II, § 28. The Ohio Supreme Court applies a two-part test to determine whether an amended statute can be applied retroactively under Article II, § 28 of the Ohio Constitution. *State v. Cook*, 83 Ohio St.3d 404, 700 N.E.2d 570, 576 (1998) (*citing Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100, 522 N.E.2d 489 (1988)).

The first part of the test requires courts to determine whether the General Assembly expressly intended the statute to apply retroactively. *Id.* Section 3 of House Bill 279 states:

> The General Assembly declares its intent that the amendment made by this act to section 5301.01 of the Revised Code is retrospective in its operation and is remedial in its application to instruments described in that section that were executed or recorded prior to the effective date of this act, except that the amendment does not affect any substantive rights or vested rights that came into existence prior to the effective date of this act.

H.R. 279, 124th Gen. Assem., Reg. Sess. It is clear the General Assembly mandated that Ohio Revised Code § 5301.01, effective February 1, 2002, should be applied retroactively. The second part of the test requires courts to determine whether the retroactive statute is remedial or substantive. *State v. Cook*, 700 N.E.2d at 577.

■ A retroactive statute is substantive and unconstitutionally retroactive "if it impairs vested rights, affects an accrued substantive right, or imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction." *Bielat v. Bielat*, 87 Ohio St.3d 350, 721 N.E.2d 28, 33 (2000) (*citing State v. Cook*, 700 N.E.2d at 577). A retroactive statute is remedial and constitutional under Article II, § 28 of the Ohio Constitution if it merely affects "the methods and procedure by which rights are recognized, protected and enforced, not the rights themselves." *Bielat*, 721 N.E.2d at 33–34 (*quoting Weil v. Taxicabs of Cincinnati, Inc.*, 139 Ohio St. 198, 39 N.E.2d 148, 151 (1942)); *See Goshorn v. Purcell*, 11 Ohio St. 641, 646, 1860 WL 107 (1860) ("[T]he power to pass retroactive laws is restricted to the class of cases included in the proviso [of Article II, § 28 of the Ohio Constitution]. Effect is authorized to be given to the manifest intention of parties and officers, by curing omissions, defects and errors.").

■ The Ohio Supreme Court's decision in *Bielat* is particularly helpful to

determining whether § 5301.01(B) is remedial or substantive. In *Bielat*, a man named Mr. Chester S. Bielat opened an Individual Retirement Account ("IRA") and named his sister as the death beneficiary. Shortly thereafter Mr. Bielat executed a will containing a clause giving all his property to his wife upon his death. Ten years later, but three years before Mr. Bielat's death, the General Assembly codified Ohio's version of the Uniform Transfer–on–Death Security Registration Act ("Act"), which provided, inter alia, that "[a]ny transfer-on-death resulting from a registration in beneficiary form ... is not testamentary." Ohio Rev.Code. Ann. § 1709.09(A). This change removes transfer-on-death clauses in IRAs from the purview of Ohio's Statute of Wills, which delineates the formalities that apply to testamentary dispositions. Ohio Rev. Code. Ann. § 2107.03.

Thus, such clauses need not comply with the signature and attestation requirements in Ohio's Statute of Wills. The General Assembly expressly intended § 1709.01(A) to apply retroactively. *See* OHIO REV. CODE ANN. § 1709.11(D)("Sections 1709.01 to 1709.11 of the Revised Code apply to registrations of securities in beneficiary form made prior to, on, or after the effective date of this section, by decedents dying prior to, on, of after that date."). The Ohio Supreme Court held Ohio Revised Code §§ 1709.09(A) and 1709.11(D) of the Act, when applied retroactively to the designation of a death beneficiary in Mr. Bielat's IRA, constitute remedial curative statutes. The designation of a death

beneficiary in Mr. Bielat's IRA was valid even though it did not comply with the signature and attestation requirements of Ohio's Statute of Wills.[2]

Just as § 1709.09(A) cured the defect of failing to comply with the signature and attestation requirements of Ohio's Statute of Wills when executing transfer-on-death clauses in IRAs, § 5301.01(B) cures the defect of failing to obtain two witness attestations to the execution of a mortgage that is subsequently recorded. Just as the manifest intentions of Mr. Bielat were clear—for his sister to receive the funds in his IRA—the manifest intentions of the parties involved in this case are clear—to execute a first and second mortgage on the property.

Furthermore, the Ohio Supreme Court held § 5301.234 could be applied retroactively. *See In re Stewart*, 96 Ohio St.3d 67, 771 N.E.2d 250 (2002). Sections 5301.234 and 5301.01, as amended, are identical in that they both cure the defect of failing to obtain two witness attestations to the execution of a mortgage that is subsequently recorded. Section 5301.234 was unconstitutional because the General Assembly failed to follow the correct procedure, and not because it violated Article II, § 28 of the Ohio Constitution. Section 5301.01(B) affects the methods and procedure by which rights arising under a mortgage are recognized, protected and enforced, not the rights themselves. Thusly, § 5301.01, as amended, can be applied retroactively to a defectively executed mortgage that has been properly recorded, in accordance with the expressed intentions

2. OHIO REV. CODE ANN. § 2107.03 provides: "Except oral wills, every last will and testament shall be in writing, but may be handwritten or typewritten. Such will shall be signed at the end by the party making it, or by some other person in such party's presence

and at his express direction, and be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge his signature." (emphasis added).

of the General Assembly, without violating Article II, § 28 of the Ohio Constitution, so long as the trustee's rights have not vested.

Section 5301.01(B) cannot be applied retroactively when doing so would impair a trustee's vested rights or rights that came into existence prior to February 1, 2002. As previously stated, a retroactive statute is substantive and unconstitutionally retroactive if it impairs vested rights. Indeed, the plain language of § 5301.01 provides that "Division (B)(1) of this section does not affect any accrued substantive rights or vested rights that came into existence prior to the effective date of the amendment." OHIO REV. CODE ANN. § 5301.01(B)(2) (Anderson 2003). Therefore, § 5301.01(B)(1) does not affect the rights of a bona fide purchaser of real property whose rights became vested prior to February 1, 2002.

### VI.

 As stated, section 544(a) vests a trustee's rights as a bona fide purchaser of real property as of the commencement of the case. *See Haviaras*, 266 B.R. at 799 ("[T]rustee's rights as a bona fide purchaser cannot vest within the meaning of any retroactivity analysis until the filing of bankruptcy."). Section 544(a) expressly provides that the trustee shall have, as of the commencement of the case, the rights and powers of a bona fide purchaser. 11 U.S.C. § 544(a). Therefore, the version of § 5301.01 in effect when a debtor's petition for relief is filed controls the law governing whether the trustee can avoid a defective mortgage under § 544(a)(3) because that is when a trustee's rights as a bona fide purchaser vest. *See Zaptocky*, 250 F.3d at 1028 n. 5; *Haviaras*, 266 B.R. at 799. Accordingly, § 5301.01(B) cannot be applied retroactively to this case because Trustee–Plaintiff's rights vested when Debtors filed their petition for relief under Chapter 7 of the Code on October 9, 2001. Because § 5301.01(B) became effective after Plaintiff's rights as a bone fide purchaser of real property vested, Subsection (B)(1) of § 5301.01 does not affect Plaintiff's action to avoid Debtors' mortgages. Thus, even though there are some circumstances under which § 5301.01(B) can be applied retroactively without violating Article II, § 28 of the Ohio Constitution, § 5301.01(B) cannot be applied to Plaintiff's instant action to avoid Debtors' mortgages.

Plaintiff qualifies as a bona fide purchaser under Ohio law in effect when Debtor filed his petition for relief under Chapter 7 of the United States Bankruptcy Code. On October 9, 2001, Ohio law required that a mortgage be acknowledged by two witnesses in order to be effective against subsequent creditors or to place a bona fide purchaser on constructive notice. For purposes of weighing Plaintiff's motion for summary judgment, based on the foregoing case law, this Court must conclude that two witnesses were not present when the mortgages were executed.

Rule 56, made applicable to this proceeding under Bankruptcy Rule 7056, provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c), Fed. R. Bankr.P. 7056(c). Rule 56(e) describes the burden

of the nonmoving party. That subsection provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e), Fed R. Bankr.P. 7056(e). In reviewing summary judgment motions, this court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *White v. Turfway Park Racing Ass'n, Inc.,* 909 F.2d 941, 943–44 (6th Cir.1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases the Court must decide "whether the [trier of fact] could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252, 106 S.Ct. 2505.

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. Moreover,

"the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479–80 (6th Cir.1989) (citing *Frito–Lay, Inc. v. Willoughby,* 863 F.2d 1029, 1034 (D.C.Cir.1988)).

The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Pavlovich v. National City Bank,* 342 F.Supp.2d 718, 722 –723 (N.D.Ohio 2004) *citing Fulson v. City of Columbus,* 801 F.Supp. 1, 4 (S.D.Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id.*

## CONCLUSION

Section 5301.234, while enacted pre-petition, violated the "one-subject" requirement of Article II, § 15(D) of the Ohio Constitution and does not affect Plaintiff's action to avoid the mortgages. The amended version of § 5301.01 does not affect Plaintiff's action to avoid Debtors' mortgages because Plaintiff's rights became vested under § 544(a) prior to the effective date of the amendment.

Accordingly, Plaintiff's motion for summary judgment is hereby granted. Household's response thereto is overruled. Household's cross motion for summary judgment is denied. Each party is to bear its respective costs.

**IT IS SO ORDERED.**