In re Tom BAKER and Pam
Baker, Debtors.

Michael D. Buzulencia,
Trustee, Plaintiff,

v.

TMS Mortgage, Inc., et al., Defendants.

Bankruptcy No. 01–41440.
Adversary No. 01–4188.

United States Bankruptcy Court,
N.D. Ohio.

Oct. 8, 2003.

**300**

Michael D. Buzulencia, Warren, OH, trustee.

Carl D. Rafoth, Youngstown, OH, for plaintiff.

Keith Borders, Cleveland, OH, for debtors.

Robert B. Holman, Oakwood Village, OH, Gregory W. Happ, Medina, OH, for defendants.

Saul Eisen, Cleveland, OH, United States Trustee.

### MEMORANDUM OPINION

WILLIAM T. BODOH, Bankruptcy Judge.

This cause is before the Court upon the motion for summary judgment and notice of filing by Trustee Michael D. Buzulencia ("Plaintiff") against TMS Mortgage, Inc. d/b/a The Money Store (n/k/a HomEq) ("TMS") and First Union Home Equity Bank, N.A. ("First Union") (collectively "Defendants") pursuant to 11 U.S.C. § 544(a). Defendants filed a joint and separate motion for summary judgment and response contra Plaintiff's motion for summary judgment on August 5, 2003. This Court now considers Plaintiff's motion for summary judgment based on the motions submitted to the Court and the attached affidavits and exhibits. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The following constitutes the Court's findings of fact and conclusions of law pursuant to FED. R. BANKR. P. 7052.

### STANDARD OF REVIEW

The procedure for granting summary judgment is found in FED. R. CIV. P. 56(c), made applicable to this proceeding through FED. R. BANKR. P. 7056, which provides in part that

[t]he judgment sought shall be rendered forth-with if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED. R. BANKR. P. 7056(c). The evidence must be viewed in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment is not appropriate if there is a material dispute over the facts, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The Sixth Circuit has recognized that *Liberty Lobby, Celotex* and *Matsushita* effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgments. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir. 1989). In responding to a proper motion for summary judgment, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Street*, 886 F.2d at 1479 (quoting *Liberty Lobby*, 477 U.S. at 257, 106 S.Ct. 2505). The nonmoving party must introduce more than a scintilla of evidence to overcome the summary judgment motion. *Street*, 886 F.2d at 1479. It is also not sufficient for the nonmoving party merely to "show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348. Moreover, "[t]he trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street*, 886 F.2d at 1479. That is, the nonmoving party has an affirmative duty to direct the court's attention to specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.

This line of cases emphasizes the point that when one party moves for summary judgment, the nonmoving party must take affirmative steps to rebut the application of summary judgment. Courts have stated that:

> Under Liberty Lobby and Celotex, a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict, and if the opposing party is therefore unable to demonstrate that he can do so, summary judgment is appropriate. "In other words, the movant

could challenge the opposing party to 'put up or shut up' on a critical issue [and] ... if the respondent did not 'put up,' summary judgment was proper."

*Fulson v. City of Columbus*, 801 F.Supp. 1, 4 (S.D.Ohio 1992) (quoting *Street*, 886 F.2d at 1478).

## FACTS

On April 12, 2001, Tom and Pam Baker ("Debtors") filed for relief under Chapter 7 of the United States Bankruptcy Code. On December 1, 1998, Debtors signed a mortgage ("First Mortgage") in favor of First Union purporting to grant a consensual lien on the real property located at 2949 Pittsburgh Avenue, McDonald, Ohio 44437 (the "Property") in the principal amount of Sixty Thousand Dollars ($60,000.00). On December 1, 1998, Debtors signed a second mortgage ("Second Mortgage") in favor of First Union purporting to grant a consensual lien on the property in the principal amount of Twenty–Four Thousand Dollars ($24,000.00). Both of these mortgages were subsequently recorded in the Trumbull County Recorder's Office. On or about September 24, 2000, First Union assigned the Second Mortgage to TMS. The assignment was recorded on September 27, 2000.

In support of his motion for summary judgment, Plaintiff submitted an affidavit in which Debtors assert both mortgages were not properly executed under Ohio law. Debtors' sworn affidavit provides as follows:

> We, Tom Baker and Pam Baker, being first duly sworn, state upon our oath as follows:
>
> 1. We are the Debtors in a Chapter 7 bankruptcy proceeding filed in the Northern District of Ohio, Case No. 01–41440.

2. On or about *1999* we executed a first mortgage in favor of First Union, and on or about 1999 we executed a second mortgage in favor of [First Union] or a mortgage on residence located at 2949 Pittsburgh Avenue, McDonald, OH 44437.

3. Only one representative from First Union came to our house to witness the mortgages.

4. The only individuals present at the time that we executed the first and second mortgage with First Union of NC were *ourselves,* and a representative from First Union. There were not any other individuals present to witness the execution of the mortgage documents in favor of First Union nor did individual from First Union claim to be a notary public.

5. To the best of our knowledge and belief, said mortgage was recorded amongst the records of the Trumbull County Recorder.

Pl.'s Mot. for Summ. J., Ex. A. Since the only individuals present at the time the mortgages were executed were Debtors and a representative from First Union, Plaintiff argues both mortgages do not comply with the formalities required by the version of Ohio Revised Code § 5301.01 in effect at the time the mortgages were executed. Accordingly, Plaintiff contends both mortgages can be avoided and declared void pursuant to 11 U.S.C. § 544(a). Plaintiff also maintains that Ohio Revised Code § 5301.234, which was adopted on June 30, 1999, is unconstitutional under the "single subject rule" of the Ohio Constitution, and does not preclude Plaintiff's action to avoid a single witness mortgage.

Defendants have not submitted any affidavits in support of their joint and separate motion for summary judgment and response contra Plaintiff's motion for summary judgment. In support of their motion, Defendants submitted copies of the First and Second Mortgages. The First Mortgage bears Debtors' signatures, the signatures of Charles H. Newman and Sharon Anderson as witnesses and is notarized by Charles H. Newman.[1] So too the Second Mortgage bears Debtors' signatures, the signatures of Charles H. Newman and Sharon Anderson as witnesses and is notarized by Charles H. Newman.

Defendants argue whether two witnesses attested to the mortgages are immaterial to the case *sub judice,* and that the applicable law in this case is Ohio Revised Code § 5301.01, effective February 1, 2002. Defendants argue under Ohio Revised Code § 5301.01, effective February 1, 2002, the mortgages are valid because they were signed and acknowledged before a notary public and recorded prior to Debtors' bankruptcy. Defendants contend the General Assembly specifically mandated that Ohio Revised Code § 5301.01, effective February 1, 2002, should be applied retroactively and is remedial in its application. Accordingly, Defendants maintain summary judgment should be granted in their favor.

■ While the mortgages bear the signature of more than three parties, this Court must conclude that only three parties were present when the mortgages were executed. Defendants have produced evidence from which this Court could conclude that two persons, other than Debtors, signed the mortgages.

---

1. Under the law of Ohio it appears that a notary can both notarize the mortgage's acknowledgment and sign the attestation as one of the two witnesses to the signature. *Wayne*

*Bldg. & Loan Co. v. Hoover,* 12 Ohio St.2d 62, 231 N.E.2d 873, 875 (1967) (citing *Read v. Toledo Loan Co.,* 68 Ohio St. 280, 67 N.E. 729 (1903)).

However, evidence that the mortgages were signed by two persons, other than Debtors, is not the same as evidence that two persons witnessed or were present when Debtors signed the mortgages. *See Suhar v. Land (In re Land)*, 289 B.R. 71, 77 (Bankr.N.D.Ohio 2003). By failing to submit any affidavits stating that more than three persons were present, Defendants have not rebutted the assertion that only three parties were indeed present when the mortgages were executed. Accordingly, for purposes of weighing Plaintiff's motion for summary judgment this Court must conclude that only three parties—Debtors and a representative from First Union—were present when the mortgages were executed.

## DISCUSSION

Section 544(a), the strong-arm provision of the Bankruptcy Code, gives the trustee the rights of a bona fide purchaser of real property. *Davis v. Ocwen Fed. Savs. Bank (In re Haviaras)*, 266 B.R. 792, 795 (N.D.Ohio 2001). Section 544(a) provides, in relevant part:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3). State law determines who may be a bona fide purchaser

under this subsection. *Owen–Ames–Kimball Co. v. Mich. Lithographing Co. (In re Mich. Lithographing Co.)*, 997 F.2d 1158, 1159 (6th Cir.1993) (citations omitted). Since the mortgages in question concern real property located in Ohio, Ohio law governs who may be a bona fide purchaser. *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1024 (6th Cir.2001) (citing *Watson v. Kenlick Coal Co., Inc.*, 498 F.2d 1183, 1190 (6th Cir. 1974)). Accordingly, this Court must determine whether Plaintiff qualifies as a bona fide purchaser under Ohio law and can therefore avoid the mortgages under § 544(a)(3).

There have been multiple changes to Ohio's mortgage law in recent years that affect the circumstances under which a bankruptcy trustee qualifies as a bona fide purchaser and can avoid a defectively executed mortgage under § 544(a)(3). Accordingly, a brief review of the evolution of Ohio mortgage law is necessary to resolving this matter.

### A. Ohio Mortgage Law

#### 1. Bona Fide Purchasers Under § 5301.01

There are three prerequisites for the proper execution of a mortgage in Ohio: "(1) the mortgagor must sign the mortgage deed; (2) the mortgager's (sic) signature must be attested by two witnesses; and (3) the mortgagor's signature must be acknowledged or certified by a notary public (or other designated official)." *Zaptocky*, 250 F.3d at 1024; *see* OHIO REV. CODE ANN. § 5301.01(A) (Anderson 2003). A mortgage that fails to meet all of these prerequisites is defectively executed. Historically, under Ohio law a defectively executed mortgage, even though recorded, did not place a bona fide purchaser on constructive notice of the encumbrance. *Citizens Nat'l Bank v. De-*

*nison,* 165 Ohio St. 89, 133 N.E.2d 329, 333 (1956); *Amick v. Woodworth,* 58 Ohio St. 86, 50 N.E. 437 (1898); *Thames v. Asia's Janitorial Serv., Inc.,* 81 Ohio App.3d 579, 611 N.E.2d 948 (1992). Since a defectively executed mortgage did not place a bona fide purchaser on constructive notice of the encumbrance, bankruptcy trustees have been permitted to avoid improperly executed mortgages pursuant to § 544(a)(3). See *Zaptocky,* 250 F.3d 1020; *Land,* 289 B.R. 71; *Haviaras,* 266 B.R. 792.

### 2. Bona Fide Purchasers Under § 5301.234

■ On June 30, 1999, in an attempt to end the avoidance of defective mortgages that were properly recorded, the General Assembly enacted Ohio Revised Code § 5301.234. Subject to certain exceptions, § 5301.234(A) provided "[a]ny recorded mortgage is irrebuttably presumed to be properly executed, regardless of any actual or alleged defect in the witnessing or acknowledgment on the mortgage ...." OHIO REV. CODE ANN. § 5301.234(A) (Anderson 1999). Section 5301.234(C) provided:

> The recording of a mortgage is constructive notice of the mortgage to all persons, including without limitation, a subsequent bona fide purchaser or any other subsequent holder of an interest in the property. An actual or alleged defect in the witnessing or acknowledgment on the recorded mortgage does not render the mortgage ineffective for purposes of constructive notice.

OHIO REV. CODE ANN. § 5301.234(C) (Anderson 1999). Thus, under Ohio Revised Code § 5301.234, a defectively executed mortgage, which was properly recorded, placed a bona fide purchaser on constructive notice of the encumbrance, and could not be avoided by a bankruptcy trustee under § 544(a)(3). Section 5301.234, however, has been successfully challenged as a violation of the "one-subject" requirement of Article II, § 15(D) of the Ohio Constitution and is inoperative. *See Wasserman v. Household Realty Corp. (In re Barkley),* 263 B.R. 553, 560 (Bankr. N.D.Ohio 2001).[2]

### 3. Bona Fide Purchaser Under Amended § 5301.01

■ In response to constitutional challenges to § 5301.234, the General Assembly repealed § 5301.234 and enacted amendments to § 5301.01 of the Ohio Revised Code. The amended version of § 5301.01, effective February 1, 2002, provides, in relevant part:

> (B)(1) If a deed, mortgage, land contract as referred to in division (B)(2) of section 317.08 of the Revised Code, lease of any interest in real property ... **was executed prior to the effective date of this amendment and was not acknowledged in the presence of, or was not attested by, two witnesses** as required by this section prior to that effective date, both of the following apply:
>
> > (a) The **instrument is deemed properly executed** and is presumed to be valid **unless the signature of the** grantor, **mortgagor,** vendor, or lessor in the case of a deed, mortgage, land contract or lease ... **was obtained by fraud.**
> >
> > (b) **The recording of the instrument in the office of the county recorder of the county in which the subject property is situated is constructive notice of the instrument to** all persons, including without limitation, a

---

**2.** Section 5301.234 is also inoperative because it has been repealed, and the "repeal of a statute renders it henceforth inoperative." *Bd. of Educ. of Kenton City Sch. Dist. v. State Bd. of Educ.,* 174 Ohio St. 257, ¶ 1, 189 N.E.2d 72 (1963) (syllabus).

subsequent purchaser in good faith or any other subsequent holder of an interest in the property, regardless of whether the instrument was recorded prior to, on, or after the effective date of this amendment.

(2) **Division (B)(1) of this section does not affect any** accrued substantive rights or **vested rights** that came into existence prior to the effective date of the amendment.

OHIO REV. CODE ANN. § 5301.01(B) (Anderson 2003) (emphasis added). Thus, under Ohio Revised Code § 5301.01(B) a defectively executed mortgage, which is properly recorded, places a bona fide purchaser on constructive notice of the encumbrance, and can not be avoided by a bankruptcy trustee under § 544(a)(3) unless the bankruptcy trustee's rights have already vested.

### B. Determining Which Version of § 5301.01 Applies

Plaintiff, citing a prior opinion of this Court, argues the version of § 5301.01 in effect at the time the mortgages were executed applies to the case *sub judice*. *Land*, 289 B.R. at 74 ("This Court concludes that the date that a mortgage is signed determines the law governing the contract."). Defendants argue § 5301.01, as amended, should be retroactively applied to the case *sub judice*. Accordingly, Defendants ask this Court to reconsider its prior ruling in *Land*.

The facts in *Land* were essentially identical to the facts in the case *sub judice*. A defective mortgage was executed prior to the enactment of § 5301.234 and Subsection (B) of § 5301.01. Debtors filed for relief under Chapter 7 of the Code, and the trustee sought to avoid the defective mortgages under § 544(a)(3). After the commencement of the case the General Assembly enacted § 5301.234, repealed

§ 5301.234 and enacted Subsection (B) of § 5301.01. This Court determined the version of § 5301.01 in effect when the mortgage was signed controlled the law governing whether the trustee could avoid the defective mortgage under § 544(a)(3) because, in Ohio, "a contract is governed by the law in effect at the time the contract is signed." *Land*, 289 B.R. at 75 (citations omitted).

■ While it is generally true that a contract is governed by the law in effect at the time the contract is signed, the General Assembly has the power to pass a retroactive law so long as the law does not violate Article II, § 28 of the Ohio Constitution. Accordingly, this Court must determine whether § 5301.01, as amended, can be applied retroactively without violating Article II, § 28 of the Ohio Constitution.

### 1. Retroactive Application of § 5301.01(B)

■ Article II, § 28 of the Ohio Constitution gives the General Assembly the power to pass retroactive laws to cure omissions, defects and errors in instruments and proceedings. Article II, § 28 of the Ohio Constitution provides:

> The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omissions, defects, and errors, in instruments and proceedings, arising out of their want of conformity with the laws of this state.

OHIO CONST. Art. II, § 28 (Anderson 2002). The Ohio Supreme Court applies a two part test to determine whether an amended statute can be applied retroactively under Article II, § 28 of the Ohio Constitu-

tion. *State v. Cook*, 83 Ohio St.3d 404, 700 N.E.2d 570, 576 (1998) (citing *Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100, 522 N.E.2d 489 (1988)).

The first part of the test requires courts to determine whether the General Assembly expressly intended the statute to apply retroactively. *Id.* Section 3 of House Bill 279 states:

> The General Assembly declares its intent that the amendment made by this act to section 5301.01 of the Revised Code is retrospective in its operation and is remedial in its application to instruments described in that section that were executed or recorded prior to the effective date of this act, except that the amendment does not affect any substantive rights or vested rights that came into existence prior to the effective date of this act.

H.R. 279, 124th Gen. Assem., Reg. Sess. (Ohio 2001). It is clear the General Assembly mandated that Ohio Revised Code § 5301.01, effective February 1, 2002, should be applied retroactively.

The second part of the test requires courts to determine whether the retroactive statute is remedial or substantive. *State v. Cook*, 700 N.E.2d at 577. A retroactive statute is substantive and unconstitutionally retroactive "if it impairs vested rights, affects an accrued substantive right, or imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction." *Bielat v. Bielat*, 87 Ohio St.3d 350, 721 N.E.2d 28, 33 (2000) (citing *State v. Cook*, 700 N.E.2d at 577). A retroactive statute is remedial and constitutional under Article II, § 28 of the Ohio Constitution if it merely affects "the methods and procedure by which *rights are recognized, protected and enforced, not the rights themselves.*" *Bielat*, 721 N.E.2d at 33–34 (quoting *Weil v. Taxicabs of Cincinnati, Inc.*, 139 Ohio St. 198, 39 N.E.2d 148, 151 (1942)); *See Goshorn v. Purcell*, 11 Ohio St. 641, 646 (1860) ("[T]he power to pass retroactive laws is restricted to the class of cases included in the proviso [of Article II, § 28 of the Ohio Constitution]. *Effect* is authorized to be given to the *manifest intention of parties* and *officers*, by curing *omissions, defects* and *errors.*").

■ The Ohio Supreme Court's decision in *Bielat* is particularly helpful to determining whether § 5301.01(B) is remedial or substantive. In *Bielat*, a man named Mr. Chester S. Bielat opened an Individual Retirement Account ("IRA") and named his sister as the death beneficiary. Shortly thereafter Mr. Bielat executed a will containing a clause giving all his property to his wife upon his death. Ten years later, but three years before Mr. Bielat's death, the General Assembly codified Ohio's version of the Uniform Transfer–on–Death Security Registration Act ("Act"), which provided, *inter alia*, that "[a]ny transfer-on-death resulting from a registration in beneficiary form ... is not testamentary." OHIO REV. CODE ANN. § 1709.09(A) (Anderson 2000). This change removes transfer-on-death clauses in IRAs from the purview of Ohio's Statute of Wills, which delineates the formalities that apply to testamentary dispositions. OHIO REV. CODE ANN. § 2107.03 (Anderson 2000).[3] Thus, such clauses need not comply with the signature and

---

**3.** OHIO REV. CODE ANN. § 2107.03 provides: "Except oral wills, every last will and testament shall be in writing, but may be handwritten or typewritten. Such will shall be signed at the end by the party making it, or by some other person in such party's presence and at his express direction, and be attested and subscribed in the presence of such party, *by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge his signature.*" (emphasis added).

attestation requirements in Ohio's Statute of Wills. The General Assembly expressly intended § 1709.01(A) to apply retroactively. *See* OHIO REV. CODE ANN. § 1709.11(D) (Anderson 2000) ("Sections 1709.01 to 1709.11 of the Revised Code apply to registrations of securities in beneficiary form made prior to, on, or after the effective date of this section, by decedents dying prior to, on, of after that date."). The Ohio Supreme Court held Ohio Revised Code §§ 1709.09(A) and 1709.11(D) of the Act when applied retroactively to the designation of a death beneficiary in Mr. Bielat's IRA constitute remedial curative statutes. The designation of a death beneficiary in Mr. Bielat's IRA was valid even though it did not comply with the signature and attestation requirements of Ohio's Statute of Wills.

Just as § 1709.09(A) cured the defect of failing to comply with the signature and attestation requirements of Ohio's Statute of Wills when executing transfer-on-death clauses in IRAs, § 5301.01(B) cures the defect of failing to obtain two witness attestations to the execution of a mortgage that is subsequently recorded. Just as the manifest intentions of Mr. Bielat were clear—for his sister to receive the funds in his IRA—the manifest intentions of the parties involved in this case are clear—to execute a first and second mortgage on the property.

Furthermore, the Ohio Supreme Court held § 5301.234 could be applied retroactively. *In re Stewart,* 96 Ohio St.3d 67, 771 N.E.2d 250 (2002). Sections 5301.234 and 5301.01, as amended, are identical in that they both cure the defect of failing to obtain two witness attestations to the execution of a mortgage that is subsequently recorded. Section 5301.234 was unconstitutional because the General Assembly failed to follow the correct procedure, and not because it violated Article II, § 28 of the Ohio Constitution. Section 5301.01(B) affects the methods and procedure by which rights arising under a mortgage are recognized, protected and enforced, not the rights themselves. According, § 5301.01, as amended, can be applied retroactively to a defectively executed mortgage that has been properly recorded, in accordance with the expressed intentions of the General Assembly, without violating Article II, § 28 of the Ohio Constitution, so long as the trustee rights have not vested.

### 2. Choice of Law Determined by Date Petition is Filed

Section 5301.01(B) cannot be applied retroactively when doing so would impair a trustee's vested rights or rights that came into existence prior to February 1, 2002. As previously stated, a retroactive statute is substantive and unconstitutionally retroactive if it impairs vested rights. Indeed, the plain language of § 5301.01 provides that "Division (B)(1) of this section does not affect any accrued substantive rights or vested rights that came into existence prior to the effective date of the amendment." OHIO REV. CODE ANN. § 5301.01(B)(2) (Anderson 2003). Therefore, § 5301.01(B)(1) does not affect the rights of a bona fide purchaser of real property whose rights became vested prior to February 1, 2002.

Section 544(a) vests a trustee's rights as a bona fide purchaser of real property as of the commencement of the case. *See Haviaras,* 266 B.R. at 799 ("[T]rustee's rights as a *bona fide* purchaser cannot vest within the meaning of any retroactivity analysis until the filing of bankruptcy."). Section 544(a) expressly provides that the trustee shall have, as of the commencement of the case, the rights and powers of a bona fide purchaser. 11 U.S.C. § 544(a). Therefore, the version of § 5301.01 in effect when a debtor's petition

for relief is filed controls the law governing whether the trustee can avoid a defective mortgage under § 544(a)(3) because that is when a trustee's rights as a bona fide purchaser vest. *See Zaptocky*, 250 F.3d at 1028 n. 5; *Haviaras*, 266 B.R. at 799. *Land* was correctly decided, albeit for the wrong reason, because the version of § 5301.01 in effect when the debtor in that case filed for bankruptcy required two attesting witnesses in order for the mortgage to place a bona fide purchaser on constructive notice of the encumbrance.

Accordingly, § 5301.01(B) cannot be applied retroactively to the case *sub judice* because Plaintiff's rights vested when Debtors filed their petition for relief under Chapter 7 of the Code. Debtors' case was commenced on and Plaintiff's rights as a bona fide purchaser vested on April 12, 2001. Because § 5301.01(B) became effective after Plaintiff's rights as a bone fide purchaser of real property vested, Subsection (B)(1) of § 5301.01 does not affect Plaintiff's action to avoid Debtors' mortgages. Thus, even though there are some circumstances under which § 5301.01(B) can be applied retroactively without violating Article II, § 28 of the Ohio Constitution, § 5301.01(B) cannot be applied to Plaintiff's action to avoid Debtors' mortgages.

### CONCLUSION

Plaintiff qualifies as a bona fide purchaser under Ohio law in effect when Debtors filed their petition for relief under Chapter 7 of the United States Bankruptcy Code. On April 12, 2001, Ohio law required that a mortgage be acknowledged by two witnesses in order to be effective against subsequent creditors or to place a bona fide purchaser on constructive notice. For purposes of weighing Plaintiff's motion for summary judgment, this Court must conclude that two witnesses were not present when the mortgages were executed.

Section 5301.234, while enacted pre-petition, violated the "one-subject" requirement of Article II, § 15(D) of the Ohio Constitution and does not affect Plaintiff's action to avoid the mortgages. The amended version of § 5301.01 does not affect Plaintiff's action to avoid Debtors' mortgages because Plaintiff's rights became vested under § 544(a) prior to the effective date of the amendment. Accordingly, Plaintiff's motion for summary judgment and notice of filing against Defendants pursuant to 11 U.S.C. § 544(a) is sustained. Defendants' joint and separate motion for summary judgment and response contra Plaintiff's motion for summary judgment is overruled.

An appropriate order shall enter.

IT IS SO ORDERED.