In re Samuel J. CARTE, Amy J. Carte, Debtors.

Larry J. McClatchey, Trustee, Plaintiff,

v.

Altegra Credit Company, Assignee of the CIT Group/Consumer Finance, Inc. Defendant.

Bankruptcy No. 01–57344.
Adversary No. 01–2311.

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Dec. 4, 2003.

Larry J. McClatchey, Stephen D. Estelle, Kegler, Brown, Hill & Ritter Co., L.P.A., Columbus, OH, for Plaintiff.

Robert B. Holman, McDonald, Frank, Hitzeman & Holman, Cleveland, OH, Gregory W. Happ, Medina, OH, Geoffrey J. Peters, Weltman, Weinberg & Reis Co. LPA, Columbus, OH, for the Defendant.

Stephen C. Heine, Cambridge, OH, for the Debtors.

Alexander G. Barkan, Columbus, OH, Assistant U.S. Trustee.

### ORDER GRANTING MOTION OF THE PLAINTIFF FOR PARTIAL SUMMARY JUDGMENT AND DENYING MOTION FOR SUMMARY JUDGMENT OF THE DEFENDANT

CHARLES M. CALDWELL, Bankruptcy Judge.

On June 22, 2001, the above-captioned Debtors filed bankruptcy under chapter 7 of the United States Bankruptcy Code ("Code"). A Second Amended Complaint to Avoid Mortgage was filed by the chapter 7 Trustee, Larry J. McClatchey ("Plaintiff") on July 11, 2002. The Plaintiff seeks to avoid a mortgage between the Debtors and Altegra Credit Company, Assignee of the CIT Group/Consumer Finance, Inc. ("Defendant") that was executed on August 2, 2000. 11 U.S.C. §§ 544, 547 and 550. The basis is the allegation that the mortgage was not executed with two witnesses present, as required by a former version of O.R.C. Sec. 5301.01, that was enacted as part of Senate Bill 114. This Court's jurisdiction is derived from 28 U.S.C. Secs. 1334 and 157 and the General Order of Reference for this District. The Second Amended Complaint is a core pro-

ceeding as defined by 28 U.S.C. Sec. 157(b)(A),(K) and (O).

The dispute centers around attempts by the Ohio legislature to address situations where chapter 7 trustees sue to avoid mortgages due to the failure of the lenders and their closing agents to ensure adherence to the long-standing requirement that mortgages be signed in the presence of two witnesses. 11 U.S.C. § 544(a)(3); *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 232 B.R. 76, 83–84 (6th Cir. BAP 1999); *aff'd In re Zaptocky*, 250 F.3d 1020 (6th Cir.2001). This requirement was contained in the Senate Bill 114 version of O.R.C. Sec. 5301.01.

On June 30, 1999, O.R.C. Sec. 5301.234 became effective. This legislation sought to cure defectively witnessed mortgages by irrefutably presuming their validity. No effort, however, was made by the Ohio legislature at that time to take direct measures to alter or dispense with the two witness requirement. *Wasserman v. Household Realty Corp. (In re Barkley)*, 263 B.R. 553, 558 (Bankr.N.D.Oh.2001). To further address defectively witnessed mortgages, the Ohio Supreme Court ruled in one sentence that O.R.C. Sec. 5301.234 "could" be applied retroactively in response to a certification from the Sixth Circuit Bankruptcy Appellate Panel. *In re Stewart*, 96 Ohio St.3d 67, 771 N.E.2d 250 (2002).[1]; *Suhar v. Land (In re Land)*, 289 B.R. 71, 75–76 (Bankr.N.D.Oh.2003). This provision, however, was found to be a violation of the "One -Subject" Rule, and therefore unconstitutional. *In re Barkley*, at 558–560.

Approximately two and a half years later the Ohio legislature acted again in an

---

1. The one sentence ruling of the Ohio Supreme Court only addressed the retroactivity of O.R.C. Sec. 5301.234, and not its constitutionality, which was not part of the certification.

attempt to address defectively witnessed mortgages. Two actions were taken. First, O.R.C. Sec. 5301.234 was repealed. Second, finally a new version of O.R.C. Sec. 5301.01 was enacted that deleted the two witness requirement. This version was enacted as part of House Bill 279, and became effective on February 1, 2002. The Ohio legislature went further to attempt to address previously executed mortgages as follows:

(B)(1) If a deed, mortgage, . . .was executed prior to the effective date of this amendment and was not acknowledged in the presence of, or was not attested by, two witnesses as required by this section prior to that effective date, both of the following apply:

(a) The instrument is deemed properly executed and is presumed to be valid unless the signature of the . . .mortgagor. . .was obtained by fraud.

(b) The recording of the instrument in the office of the county recorder of the county in which the subject property is situated is constructive notice of the instrument to all persons, including . . . a subsequent purchaser in good faith. . . regardless of whether the instrument was recorded prior to, on, or after the effective date of this amendment.

(2) *Division (B)(1) of this section does not affect any accrued substantive rights or vested rights that came into existence prior to the effective date of this amendment.*

O.R.C. § 5301.01(B)(1)(a)(b)(2) (emphasis supplied).

This language represents a clear expression by the Ohio legislature to not only discard the two witness requirement in future cases, but also to have the new law apply retroactively. This retroactive application, however, comes with a significant limitation; i.e., that it cannot affect any, " . . . accrued substantive rights or vested rights that came into existence prior to the effective date. . ." O.R.C. § 5301.01(B)(2).

The Plaintiff and the Defendant both seek summary judgment, and have divergent views over which of the three versions of the mortgage execution laws govern. This dispute raises essentially two issues. First, whether the repealed provision (O.R.C. § 5301.234) is unconstitutional because the "One–Subject" Rule is violated. Ohio Const. Art. II, Sec. 15(D). Second, whether the retroactive application of the new version of O.R.C. Sec. 5301.01 is in violation of Article II, Section 28 of the Ohio Constitution. A third but related issued raised by the Plaintiff is whether the Defendant can claim any of the defenses to recovery offered by the United States Bankruptcy Code. 11 U.S.C. § 550(e).

 With reference to O.R.C. Sec. 5301.234, this Court agrees with the *In re Barkley* Court that the provision represented a violation of the "One -Subject" Rule and was unconstitutional. *In re Barkley* at 558–560. Violations of the Rule are premised upon a finding that the subjects of the legislation do not have any logical relationship. *In re Barkley*, at 558; *See generally*, James Preston Shuck, Returning the "One" to Ohio's "One–Subject" Rule, 28 Cap.U. L.Rev. 899 (2000); John J. Kulewicz, The History of the One–Subject Rule of the Ohio Constitution, 45 Clev. St.L.Rev. 591 (1997). (Both authors detail the history and purpose of the "One–Subject" Rule and how it has been applied by the courts). The *In re Barkley* court conducted a thorough analysis of the numerous components of the legislation, and it could not find any common purpose. *In re Barkley*, at 560. In addition, O.R.C. Sec. 5301.234 has been repealed, and would not any longer be applicable to this case. *In re Land*, at 76.

342

Regarding the retroactive application of the new O.R.C. Sec. 5301.01 and its constitutionality, a two-part test has been employed. The first issue is whether there is an expression of intent by the legislature to provide for retroactivity. Second, it must be determined whether the provision is merely remedial in nature or substantive in nature, and thereby unconstitutionally impacts vested rights. *Buzulencia v. TMS Mortgage, Inc. (In re Baker)*, 300 B.R. 298, 305–306 (Bankr.N.D.Oh. 2003).

There is no doubt that the Ohio legislature intended to have the new version of O.R.C. Sec. 5301.01 applied retroactively. This application, however, is constitutionally infirm because it impacts the previously vested substantive rights of the Plaintiff as the chapter 7 trustee, that arose on the date of the bankruptcy filing. 11 U.S.C. § 544(a)(3). As held by the *In re Baker* Court:

> Section 544(a) expressly provides that the trustee shall have, as of the commencement of the case, the rights and powers of a bona fide purchaser....Therefore, the version of § 5301.01 in effect when a debtor's petition for relief is filed controls the law governing whether the trustee can avoid a defective mortgage under § 544(a)(3) because that is when a trustee's rights as a bona fide purchaser vest. *In re Baker*, at 307–308.

Regarding any recovery defenses under section 550(e) of the Code, it has been held that immediately upon a trustee's avoidance of a mortgage, the interest is preserved and becomes part of the estate without any need for the institution of recovery proceedings by trustees. In this manner section 550(e) recovery defenses are rendered moot. *Suhar v. Burns (In re Burns)*, 322 F.3d 421, 427–429 (6th Cir. 2003).

Accordingly, this Court concludes that O.R.C. Sec. 5301.234 was unconstitutional as it violated the "One -Subject" Rule, and that also it is not applicable because it has been repealed. In addition, the Court concludes that the current version of O.R.C. Sec. 5301.01, that became effective February 1, 2002, can not constitutionally be applied retroactively to this bankruptcy case that was filed on June 22, 2001.

Accordingly, the Motion of the Plaintiff for Partial Summary Judgment is granted.

It is further Ordered that the Motion for Summary Judgment of the Defendant is denied.

**IT IS SO ORDERED.**