*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0153P (6th Cir.)
File Name: 04a0153p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

No. 02-4468

In re: DOUGLAS R. HUFFMAN;
In re: ROBIN LYNN HUFFMAN;
In re: EDWARD N.
TUCHOLSKI; In re: DEBBIE S.
TUCHOLSKI; In re: JOHN J.
RICE; In re: JOSEPHINE E.
RICE,

        *Debtors.*

PATRICIA A. KOVACS,
Trustee,

        *Plaintiff-Appellee,*

v.

FIRST UNION HOME EQUITY
BANK, et al.,

        *Defendants,*

FIRST UNION MORTGAGE
CORPORATION,

        *Defendant-Appellant.*

> Nos. 02-4468;
> 03-3174/3175

No. 03-3174

In re: DOUGLAS R. HUFFMAN;
In re: ROBIN LYNN HUFFMAN,

        *Debtors.*

PATRICIA A. KOVACS,
Trustee,

        *Plaintiff-Appellee,*

v.

FIRST UNION HOME EQUITY
BANK, et al.,

        *Defendants-Appellants.*

No. 03-3175

In re: EDWARD N.
TUCHOLSKI; In re: DEBBIE S.
TUCHOLSKI,

        *Debtors.*

JOHN N. GRAHAM, Trustee;
PATRICIA A. KOVACS,
Trustee,

        *Plaintiffs-Appellees,*

v.

NATIONAL LENDING CENTER,
INC.; FIRST UNION NATIONAL
BANK, as Indenture Trustee,
    *Defendants-Appellants.*

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
No. 01-07219/7220/7426—James G. Carr, District Judge.

Argued and Submitted: March 19, 2004

Decided and Filed: May 26, 2004

Before: COLE and GILMAN, Circuit Judges;
SCHWARZER, Senior District Judge.*

_____

**COUNSEL**

**ARGUED:** Gregory W. Happ, Medina, Ohio, for Appellant.
Ericka S. Parker, HUNTER & SCHANK, Toledo, Ohio, for
Appellee. **ON BRIEF:** David A. Freeburg, MCFADDEN &
ASSOCIATES CO., Cleveland, Ohio, Gregory W. Happ,
Medina, Ohio, John C. Deal, KEGLER, BROWN, HILL &
RITTER, Columbus, Ohio, Robert B. Holman,
MCDONALD, FRANK, HITZMAN & HOLMAN, Oakwood
Village, Ohio, for Appellants. Ericka S. Parker, HUNTER &
SCHANK, Toledo, Ohio, for Appellees. Michael Sikora III,
HAVENS & WILLIS, Columbus, Ohio, for Amicus Curiae

---

\* The Honorable William W Schwarzer, Senior United States District
Judge for the Northern District of California, sitting by designation.

_____

**OPINION**

_____

WILLIAM W SCHWARZER, Senior District Judge.
These are three consolidated appeals from judgments of the
district court allowing the bankruptcy trustee to avoid
mortgages held by the defendants, First Union Home Equity
Bank and ContiMortgage Corporation, under 11 U.S.C.
§ 544. In *In re Rice*, No. 02-4468, the district court exercised
its appellate jurisdiction under 28 U.S.C. § 158(a) and
reversed a judgment by the bankruptcy court, which had
rejected the trustee's challenge to the validity of the
mortgage. In *In re Huffman* and *In re Tucholski*, Nos. 03-
3174 and 03-3175, the district court exercised its original
jurisdiction under 28 U.S.C. § 1334(a) and granted summary
judgment upholding the trustee's challenge to the validity of
the mortgages. We have jurisdiction pursuant to 28 U.S.C.
§ 158(d). Our review is de novo. *Lanier v. Bryant*, 332 F.3d
999, 1003 (6th Cir. 2003); *Investors Credit Corp. v. Batie (In
re Batie)*, 995 F.2d 85, 88-89 (6th Cir. 1993). For the reasons
stated, we affirm the judgment of the district court.

**I.**

We must decide whether the trustee was entitled to avoid
the three mortgages under Ohio law. Under the bankruptcy
code, a bankruptcy trustee "may avoid any transfer of
property of the debtor or any obligation incurred by the debtor
that is voidable by . . . a bona fide purchaser." 11 U.S.C.
§ 544(a)(3); *Buzulencia v. TMS Mortgage, Inc. (In re Baker)*,
300 B.R. 298, 307 (Bankr. N.D. Ohio 2003) (stating that
"[s]ection 544(a) expressly provides that the trustee shall
have, as of the commencement of the case, the rights and
powers of a bona fide purchaser"). Only properly-executed
mortgages take priority over a bona fide purchaser under Ohio
law. OHIO REV. CODE ("ORC") § 5301.25; *Citizens Nat'l
Bank in Zanesville v. Denison*, 133 N.E.2d 329, 332-33 (Ohio

1956).   Former ORC § 5301.01 (repealed Feb. 1, 2002) required the presence of two witnesses at the signing of any mortgage.  The three mortgages at issue were not properly witnessed and, thus, under the former law the trustee would be entitled to avoid them.[1]   The question is whether subsequent changes in Ohio law validate the execution of the mortgages.

   **A**.   At the time the mortgages were executed and recorded during 2000, ORC § 5301.234 (which has since been repealed) was in effect.  The statute provided that a recorded mortgage was "irrebuttably presumed to be properly executed, regardless of any actual or alleged defect in the witnessing" of the mortgage.  *See* § 5301.234(A).[2]   The recording of a mortgage was constructive notice to all persons, including a subsequent bona fide purchaser, regardless of any defect in witnessing.  § 5301.234(C).  Thus, under § 5301.234, the trustee would be unable to avoid the mortgages.

   The district court held that the statute violated the Ohio Constitution's one-subject rule, however, and we agree.  Article II, § 15(D) of the Ohio Constitution provides, in relevant part, that "No bill shall contain more than one subject, which shall be clearly expressed in its title."  The

---

[1]Although the record is not entirely clear on whether one of the mortgages may have been attested by two witnesses, counsel for First Union Home Bank conceded at oral argument that only one witness attested to the signatures.

[2]Ohio Revised Code § 5301.234(A) provided:
Any recorded mortgage is irrebuttably presumed to be properly executed, regardless of any actual or alleged defect in the witnessing or acknowledgment on the mortgage, unless one of the following applies:
   (1) the mortgagor, under oath, denies signing the mortgage;
   (2) the mortgagor is not available, but there is other sworn evidence of a fraud upon the mortgagor.

Ohio General Assembly passed ORC § 5301.234 as part of House Bill No. 163 (1999) ("HB 163").  HB 163 had no title identifying its subject.  The bill contained thirty-one sections and amended, reenacted or repealed fifty-three provisions of the Ohio Revised Code relating to a wide range of subjects.  Other than the provision at issue here, none related to real property.  Rather, they involved the following sections of Ohio's code:  State Government, Counties, Municipal Corporations, Criminal Procedure, Liquor, Motor Vehicles, Public Utilities, Roads and Highways and Taxation.  Section 1 of the bill, which enacted § 5301.234, also enacted or amended provisions dealing with the appointment of peace officers, Ohio's public employee retirement and compensation fund, compensation of county auditors, seizure of property by law enforcement officials, liquor control enforcement, privacy of information obtained by the registrar of motor vehicles, creation of an aviation office in the Division of Transportation Assistance, and food stamp trafficking, among others.  Thus, § 5301.234 was enacted as part of a bill that on its face violated the one-subject rule.  *See Wasserman v. Household Realty Corp. (In re Barkley)*, 263 B.R. 553, 558-60 (Bankr. N.D. Ohio 2001) (finding that § 5301.234 violates the one-subject rule).

   Defendants advance two arguments in support of the validity of § 5301.234.  First, they assert that the one-subject rule is merely directory and cannot be applied to invalidate a legislative enactment.  They cite *Pim v. Nicholson*, 6 Ohio St. 176 (1856), where the court stated that "[i]t would be most mischievous in practice, to make the validity of every law depend upon the judgment of every judicial tribunal of the State as to whether an act or bill contained more than one subject." *Id*. at 180.  The Ohio Supreme Court qualified the holding of *Pim* in *State ex rel. Dix v. Celeste*, 464 N.E.2d 153 (Ohio 1984), stating that a "gross and fraudulent violation of [procedural] rules might authorize the court to pronounce a law unconstitutional." *Id*. at 157 (quoting *Pim*, 6 Ohio St. at 180).  Recent decisions, however, appear to have cut the ground from under *Pim*.  In *Simmons-Harris v. Goff*, 711

N.E.2d 203 (Ohio 1999), the Ohio Supreme Court applied the one-subject rule to invalidate a school voucher program attached to an appropriations bill upon finding that there was a "blatant disunity between topics and no rational reason for their combination [so that] it may be inferred that the bill is the result of logrolling." *Id*. at 216 (quoting *Hoover v. Franklin County Bd. of Comm'rs*, 482 N.E.2d 575, 580 (Ohio 1985)). While the *Simmons-Harris* court stated that it did not overrule *Dix,* but only modified it, *id*., it is clear that the Ohio Supreme Court no longer treats the one-subject rule as merely directory. In *State ex rel. Ohio Acad. of Trial Lawyers v. Sheward*, 715 N.E.2d 1062 (Ohio 1999), the Court's most recent case on this subject, the Court struck down Ohio's comprehensive tort reform legislation *in toto*, reasoning:

> [T]his court has been emphatic about its reluctance to interfere or become entangled with the legislative process . . . . On the other hand, we have been equally emphatic about not extending this reluctance to impede the legislative process so far as to negate the one-subject provision of Section 15(D), Article II. . . . With these principles in mind, we have adopted the position that the "one-subject provision is not directed at plurality but at disunity in subject matter." . . . Undoubtedly, Am.Sub.S.B. No. 350 embraces a multitude of topics. The bill affects some eighteen different titles, thirty-eight different chapters, and over one hundred different sections of the Revised Code, as well as procedural and evidentiary rules and hitherto uncodified common law. The pivotal question is whether these various topics share a common purpose or relationship, *i.e.*, whether they unite to form a single subject for purposes of Section 15(D), Article II of the Ohio Constitution. . . . With all due respect and deference to the General Assembly, it is simply impossible to uphold the constitutionality of Am.Sub.H.B. No. 350 under the one-subject provision of Section 15(D), Article II of the Ohio Constitution.

*Id*. at 1099-1100 (citations omitted). So here, the fifty-three provisions of HB 163 lack any semblance of common purpose or relationship. The reasoning of the Ohio Supreme Court compels the conclusion that it would hold § 5301.234 to be unconstitutional.[3]

Defendants' second argument is that the Ohio Supreme Court has impliedly held ORC § 5301.234 to be constitutional. They rely on *In re Stewart*, 771 N.E.2d 250 (Ohio 2002), in which the court responded to the following question certified by the Bankruptcy Appellate Panel for the Sixth Circuit: "Can Ohio Revised Code § 5301.234 be applied to presume the validity of a mortgage in a bankruptcy case filed after the effective date of the statute, when the mortgage at issue in the bankruptcy case was recorded before the statute's effective date?" *Id*. at 250-51. The court responded to the certified question in the affirmative. *Id*. at 251.

Defendants argue that this response implies that the statute is constitutional on the theory that, to determine that the statute operated retroactively, the court necessarily had to find that it was valid. This contention is unavailing. The Bankruptcy Appellate Panel's order certifying the question to the Supreme Court stated that "the parties in the captioned cases did not raise the constitutionality issue. The question being certified by the Panel assumes, without deciding, that the statute is constitutional and raises the issue of how the statute is to be applied under Ohio law." The order also noted that the constitutional issue had been separately certified in

---

[3]This court must decide the question of § 5301.234's validity by predicting how the Ohio Supreme Court would decide it. *James v. Meow Media, Inc.*, 300 F.3d 683, 689 (6th Cir. 2002).

another proceeding.[4]   Thus, we cannot say that the Ohio Supreme Court passed on the constitutionality question.

Section 5301.234 being unconstitutional, it had no force at the commencement of the cases and could not bar the trustee from avoiding the mortgages. *Rossborough Mfg. Co. v. Trimble*, 301 F.3d 482, 491 (6th Cir. 2002) ("The rule in Ohio has long been that when a statute is held to have been unconstitutional as of its enactment, that statute is void *ab initio*."); *see also City of Middletown v. Ferguson*, 495 N.E.2d 380, 388 (Ohio 1986) ("'An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed.'") (quoting *Norton v. Shelby County*, 118 U.S. 425, 442 (1886)).[5]

_____

[4] The Supreme Court did not answer the question certified in that proceeding. *Hunter v. First Union Home Equity Bank*, 759 N.E.2d 784 (Ohio 2001).

[5] Ohio courts recognize an exception to this rule "in those cases in which contractual rights have arisen or a party has acquired vested rights under prior law." *Roberts v. Treasurer*, 770 N.E.2d 1085, 1091 (Ohio Ct. App. 2001). That exception is not applicable here because § 5301.234 did not create a vested right in Defendants. "[A] fundamental distinction exists between a law changing accrued substantive rights and a law which changes the remedy for the enforcement of those rights." *Weil v. Taxicabs of Cincinnati, Inc.*, 39 N.E.2d 148, 151 (Ohio 1942). A law changes substantive rights when it "creates or imposes an obligation where none existed before," whereas remedial provisions "have to do with the methods and procedure by which rights are recognized, protected and enforced, not with the rights themselves." *Id.*; *see also Bielat v. Bielat*, 721 N.E.2d 28, 33-34 (Ohio 2000). Section 5301.234 was remedial: it did not grant Defendants any rights, but rather changed the quantum of proof required to recognize, protect and enforce the rights created by the mortgage contracts. *Cf. In re Stewart*, 771 N.E.2d at 250-51 (advising that § 5301.2234 can "be applied to presume the validity of a mortgage in a bankruptcy case filed after the effective date of the statute, when the mortgage at issue in the bankruptcy case was recorded before the statute's effective date").

Therefore, the law in effect at the time these cases were commenced was former § 5301.01, which required the presence of two witnesses at the signing of the mortgages.

**B.**   A question remains, however, whether the amended version of ORC § 5301.01 saves the mortgages. In 2001, after the filing of the complaints in the case at bar, the Ohio legislature amended § 5301.01 by adding a savings provision. Under that provision, a mortgage executed prior to the amendment's effective date is presumed valid even if not attested by two witnesses, unless the mortgagor's signature thereon was obtained by fraud.   § 5301.01(B)(1)(a). Moreover, "[t]he recording of the [mortgage] in the office of the county recorder . . . is constructive notice of the instrument to all persons." § 5301.01(B)(1)(b).

The provision, on its face, appears to save the mortgages. But the amended statute, though retroactive by its terms, cannot be applied retroactively to impair the trustee's vested rights.   The statute specifically protects vested rights; § 5301.01(B)(2) states that "[d]ivision (B)(1) of this section does not affect any accrued substantive rights or vested rights that came into existence prior to the effective date of this amendment."   Because § 5301.234 was unconstitutional, the original version of § 5301.01 was the only valid law in effect at the time the debtors' petitions were filed, and its provisions (requiring two witnesses) controlled.   As the trustee was entitled to avoid the mortgages under former § 5301.01, her rights vested, and by the terms of § 5301.01(B)(2) they are not affected by the subsequent amendment. *See McClatchey v. Altegra Credit Co. (In re Carte)*, 303 B.R. 338, 342 (Bankr. S.D. Ohio 2003); *Baker*, 300 B.R. at 307-308 ("Section 544(a) vests a trustee's rights as a bona fide purchaser of real property as of the commencement of the case."). Amended § 5301.01, therefore, does not divest the trustee of the rights she had as a bona fide purchaser under the law governing at the commencement of these cases, and she was entitled to avoid the mortgages.

## II.

Defendants also argue that we should reverse the district court's ruling because it violated the Eleventh Amendment of the United States Constitution. This contention is patently meritless. The Eleventh Amendment protects a state from actions seeking relief from the state. *See Doe v. Wigginton*, 21 F.3d 733, 736 (6th Cir. 1994); *see also Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Although the complaints named the Ohio Attorney General as a defendant, they sought no relief from or against the state, but only against the mortgage holders.

## CONCLUSION

For the reasons stated, the judgments of the district court are **AFFIRMED**.