*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 05a0221a.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

No. 02-4468

In re: DOUGLAS R. HUFFMAN; In re: ROBIN LYNN
HUFFMAN; In re: EDWARD N. TUCHOLSKI; In re:
DEBBIE S. TUCHOLSKI; In re: JOHN J. RICE; In re:
JOSEPHINE E. RICE,

*Debtors.*

PATRICIA A. KOVACS, Trustee,

*Plaintiff-Appellee,*

*v.*

FIRST UNION HOME EQUITY BANK, et al.,

*Defendants,*

FIRST UNION MORTGAGE CORPORATION,

*Defendant-Appellant.*

Nos. 02-4468; 03-3174/3175

No. 03-3174

In re: DOUGLAS R. HUFFMAN; In re: ROBIN LYNN
HUFFMAN,

*Debtors.*

PATRICIA A. KOVACS, Trustee,

*Plaintiff-Appellee,*

*v.*

FIRST UNION HOME EQUITY BANK, et al.,

*Defendants-Appellants.*

No. 03-3175

In re: EDWARD N. TUCHOLSKI; In re: DEBBIE S.
TUCHOLSKI,

*Debtors.*

JOHN N. GRAHAM, Trustee; PATRICIA A. KOVACS,

1

Trustee,

       *Plaintiffs-Appellees,*

  *v.*

NATIONAL LENDING CENTER, INC.; FIRST UNION
NATIONAL BANK, as Indenture Trustee,
       *Defendants-Appellants.*

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
Nos. 01-07219/7220/7426—James G. Carr, District Judge.

Argued and Submitted: March 19, 2004

Decided and Filed: May 18, 2005

Before: COLE and GILMAN, Circuit Judges; SCHWARZER, Senior District Judge.[*]

_____

**COUNSEL**
_____

**ARGUED:** Gregory W. Happ, Medina, Ohio, for Appellant. Ericka S. Parker, HUNTER &
SCHANK CO. LPA, Toledo, Ohio, for Appellee. **ON BRIEF:** David A. Freeburg, McFADDEN
& ASSOCIATES CO. L.P.A., Cleveland, Ohio, Gregory W. Happ, Medina, Ohio, John C. Deal,
ROBOL & WINKLER, Columbus, Ohio, Robert B. Holman, LOUIS S. FRANK & ASSOCIATES,
Oakwood Village, Ohio, for Appellants. Ericka S. Parker, HUNTER & SCHANK CO. LPA,
Toledo, Ohio, for Appellees. Michael Sikora III, HAVENS WILLIS LLC, Columbus, Ohio, for
Amicus Curiae.

_____

**AMENDED OPINION**
_____

  WILLIAM W SCHWARZER, Senior District Judge. These are three consolidated appeals
from judgments of the district court allowing the bankruptcy trustee to avoid mortgages held by the
defendants, First Union Home Equity Bank and ContiMortgage Corporation, under 11 U.S.C. § 544.
In *In re Rice*, No. 02-4468, the district court exercised its appellate jurisdiction under 28 U.S.C.
§ 158(a) and reversed a judgment by the bankruptcy court, which had rejected the trustee's challenge
to the validity of the mortgage. In *In re Huffman* and *In re Tucholski*, Nos. 03-3174 and 03-3175,
the district court exercised its original jurisdiction under 28 U.S.C. § 1334(a) and granted summary
judgment upholding the trustee's challenge to the validity of the mortgages. We have jurisdiction
pursuant to 28 U.S.C. § 158(d). Our review is de novo. *Lanier v. Bryant*, 332 F.3d 999, 1003 (6th
Cir. 2003); *Investors Credit Corp. v. Batie (In re Batie)*, 995 F.2d 85, 88-89 (6th Cir. 1993). For the

_____

[*] The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of
California, sitting by designation.

reasons stated, we vacate the judgment of the district court in No. 02-4468 and affirm the judgments in Nos. 03-3174 and 03-3175.[1]

## I.

We must decide whether the trustee was entitled to avoid the three mortgages under Ohio law. Under the bankruptcy code, a bankruptcy trustee "may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . a bona fide purchaser." 11 U.S.C. § 544(a)(3); *Buzulencia v. TMS Mortgage, Inc. (In re Baker)*, 300 B.R. 298, 307 (Bankr. N.D. Ohio 2003) (stating that "[s]ection 544(a) expressly provides that the trustee shall have, as of the commencement of the case, the rights and powers of a bona fide purchaser"). Only properly executed mortgages take priority over a bona fide purchaser under Ohio law. OHIO REV. CODE ("ORC") § 5301.25; *Citizens Nat'l Bank in Zanesville v. Denison*, 133 N.E.2d 329, 332-33 (Ohio 1956). Former ORC § 5301.01 (repealed Feb. 1, 2002) required the presence of two witnesses at the signing of any mortgage. Two of the three mortgages (in the *Hoffman* and *Tucholski* cases) were not properly witnessed and thus, under the former law, the trustee would be entitled to avoid them. The question is whether subsequent changes in Ohio law validate the execution of those mortgages. With respect to the *Rice* mortgage, there is evidence in the record sufficient to raise a triable issue as to whether it was properly witnessed. Accordingly, we vacate the judgment in No 02-4468 and remand the case for an evidentiary hearing.

**A**. At the time the mortgages were executed and recorded during 2000, ORC § 5301.234 (which has since been repealed) was in effect. The statute provided that a recorded mortgage was "irrebuttably presumed to be properly executed, regardless of any actual or alleged defect in the witnessing" of the mortgage. *See* § 5301.234(A).[2] The recording of a mortgage was constructive notice to all persons, including a subsequent bona fide purchaser, regardless of any defect in witnessing. § 5301.234(C). Thus, under § 5301.234, the trustee would be unable to avoid the mortgages.

The district court held that the statute violated the Ohio Constitution's one-subject rule, however, and we agree. Article II, § 15(D) of the Ohio Constitution provides, in relevant part, that "No bill shall contain more than one subject, which shall be clearly expressed in its title." The Ohio General Assembly passed ORC § 5301.234 as part of House Bill No. 163 (1999) ("HB 163") which contained thirty-one sections and amended, reenacted or repealed fifty-three provisions of the Ohio Revised Code relating to a wide range of subjects. Subsequent to our prior decision, the Ohio Supreme Court, on certification from this court, held that § 5301.234 violates the one-subject rule of the Ohio Constitution and is unconstitutional under Ohio law. *In re Nowak*, 104 Ohio St.3d 466 (2004).

Section 5301.234, being unconstitutional, had no force at the commencement of the cases and could not bar the trustee from avoiding the mortgages. *Rossborough Mfg. Co. v. Trimble*, 301 F.3d 482, 491 (6th Cir. 2002) ("The rule in Ohio has long been that when a statute is held to have been unconstitutional as of its enactment, that statute is void *ab initio*."); *see also City of*

---

[1]The opinion and judgment heretofore issued are withdrawn. The petitions for rehearing are denied.

[2]Ohio Revised Code § 5301.234(A) provided:

Any recorded mortgage is irrebuttably presumed to be properly executed, regardless of any actual or alleged defect in the witnessing or acknowledgment on the mortgage, unless one of the following applies:

      (1)     the mortgagor, under oath, denies signing the mortgage;

      (2)     the mortgagor is not available, but there is other sworn evidence of a fraud upon the mortgagor.

*Middletown v. Ferguson*, 495 N.E.2d 380, 388 (Ohio 1986) ("'An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed.'") (quoting *Norton v. Shelby County*, 118 U.S. 425, 442 (1886)).[3] Therefore, the law in effect at the time these cases were commenced was former § 5301.01, which required the presence of two witnesses at the signing of the mortgages.

**B.** A question remains, however, whether the amended version of ORC § 5301.01 saves the mortgages. In 2001, after the filing of the complaints in the case at bar, the Ohio legislature amended § 5301.01 by adding a savings provision. Under that provision, a mortgage executed prior to the amendment's effective date is presumed valid even if not attested by two witnesses, unless the mortgagor's signature thereon was obtained by fraud. § 5301.01(B)(1)(a). Moreover, "[t]he recording of the [mortgage] in the office of the county recorder . . . is constructive notice of the instrument to all persons." § 5301.01(B)(1)(b).

The provision, on its face, appears to save the mortgages. But the amended statute, though retroactive by its terms, cannot be applied retroactively to impair the trustee's vested rights. The statute specifically protects vested rights; § 5301.01(B)(2) states that "[d]ivision (B)(1) of this section does not affect any accrued substantive rights or vested rights that came into existence prior to the effective date of this amendment." Because § 5301.234 was unconstitutional, the original version of § 5301.01 was the only valid law in effect at the time the debtors' petitions were filed, and its provisions (requiring two witnesses) controlled. Because the trustee was entitled to avoid the mortgages under former § 5301.01, her rights vested, and by the terms of § 5301.01(B)(2) they are not affected by the subsequent amendment. *See McClatchey v. Altegra Credit Co. (In re Carte)*, 303 B.R. 338, 342 (Bankr. S.D. Ohio 2003); *Baker*, 300 B.R. at 307-308 ("Section 544(a) vests a trustee's rights as a bona fide purchaser of real property as of the commencement of the case."). Amended § 5301.01, therefore, does not divest the trustee of the rights she had as a bona fide purchaser under the law governing at the commencement of these cases, and she was entitled to avoid the *Huffman* and *Tucholski* mortgages.

## II.

Defendants also argue that we should reverse the district court's ruling because it violated the Eleventh Amendment of the United States Constitution. This contention is patently meritless. The Eleventh Amendment protects a state from actions seeking relief from the state. *See Doe v. Wigginton*, 21 F.3d 733, 736 (6th Cir. 1994); *see also Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Although the complaints named the Ohio Attorney General as a defendant, they sought no relief from or against the state, but only against the mortgage holders.

---

[3]Ohio courts recognize an exception to this rule "in those cases in which contractual rights have arisen or a party has acquired vested rights under prior law." *Roberts v. Treasurer*, 770 N.E.2d 1085, 1091 (Ohio Ct. App. 2001). That exception is not applicable here because § 5301.234 did not create a vested right in Defendants. "[A] fundamental distinction exists between a law changing accrued substantive rights and a law which changes the remedy for the enforcement of those rights." *Weil v. Taxicabs of Cincinnati, Inc.*, 39 N.E.2d 148, 151 (Ohio 1942). A law changes substantive rights when it "creates or imposes an obligation where none existed before," whereas remedial provisions "have to do with the methods and procedure by which rights are recognized, protected and enforced, not with the rights themselves." *Id.*; *see also Bielat v. Bielat*, 721 N.E.2d 28, 33-34 (Ohio 2000). Section 5301.234 was remedial: it did not grant Defendants any rights, but rather changed the quantum of proof required to recognize, protect and enforce the rights created by the mortgage contracts. *Cf. In re Stewart*, 771 N.E.2d at 250-51 (advising that § 5301.2234 can "be applied to presume the validity of a mortgagee in a bankruptcy case filed after the effective date of the statute, when the mortgage at issue in the bankruptcy case was recorded before the statute's effective date").

## CONCLUSION

For the reasons stated, the judgment of the district court in No. 02-4468 is **VACATED** and the matter **REMANDED** for an evidentiary hearing.  The judgments of the district court in Nos. 03-3174 and 03-3175 are **AFFIRMED**.